## BAXTER VS. ERVIN.

SHERIFF'S RETURN.—*A Record.*

1. A Sheriff's return is a record and cannot be averred against; and if false, the remedy is by an action on the case for a false return, or a bill in equity to enjoin the judgment. (1)

2. SAME.—*Writ of Error Coram Nobis.* Where a Sheriff falsely returns original process served and thereupon judgment is rendered against one of the defendants by default, the writ of error *coram nobis* is not his proper remedy. (Ridgway v. Bank of Tenn. 11 Humph. 223.)

3. PLEADING AT LAW.—*Declaration. Endorsers.* A declaration in a suit upon a promissory note which does not aver demand upon the maker, and notice to the endorser of non payment, is bad as to the endorser. (2)

WRIGHT, J., delivered the opinion of the Court:

We are of opinion that the Circuit Judge did not err in this case, because we think the writ issued to Dickson County, against Theodore Baxter, must be regarded as a counterpart of that issued to Robertson, against Robert Baxter and James T. Connel, and being of opinion, as we are, from the statement in the petition, that the plaintiff in error was in fact served with process, it was gross neglect in him, not to have appeared at the proper time, and make defence to the suit.

But if this were not so, and he in fact were not served, the sheriff having made return, that he was, it has become a record, and cannot be averred against, and if false, the remedy of the plaintiff in error is by action on the case, for a false return, or by bill in equity to enjoin the judgment. McBee vs. The State, Meigs. Rep. 122 ; Ridgwayvs. The Bank of Tenn.

11 Hum. 223. That a writ of error *coram nobis* is not the proper remedy, is settled in this latter case. (1) But still, notwithstanding this is so, the case is here as to Theodore Baxter, upon the original judgment, and we are called upon to revise it. And we are of opinion that as to him, it is erroneous. He is sued and sought to be made liable as the endorser of a promissory note, but the declaration contains no averment of demand of payment on the makers, or that any notice of the dishonor of the note was given to the plaintiff in error, as endorser, nor is any excuse assigned for not having done so. In Knott et als. v. Hicks, 2 Hum. 162, it was held that such an omission was fatal, and not cured by verdict. And in a case at the present term we held the omission fatal after judgment by default, and that such a course of pleading was not sanctioned by any thing in the Code. (2) We say this is a promissory note, because the declaration so states it, and in disposing of the writ of error we can only look to the record by oyer or bill of exceptions, and we cannot now consider whether it in truth be a promissory note, or such a writing as, under the rules of the Law Merchant, the liability of an endorse can be made to arise upon it. The original judgment of the Circuit Court, as to the plaintiff in error, must therefore be reversed, and the cause remanded for a new trial, with leave to amend the declaration.

This necessarily reverses the judgment upon the dismissal of the petition.

*Judgment reversed.*

(1.) McCully v. Malcolm, 9 Humph. 187, 193; Love v. Smith, 4 Yerg. 117, 126.

In the proceeding under the writ of error *Coram Nobis*, nothing can be assigned as error which contradicts the ord of the original suit. Crawford v. Williams, 1 Swan, 341, 346. See further, as to the writ of error *Coram Nobis*, Tibbs v. Anderson. *Infra.*

(2.) Harlan v. Dew, 3 Head, 505; Tumley v. Clarks v. & Memphis R. R. Co., 2 Cold. 327.