(120 App. Div. 480)

### WARTH v. KASTRINER et al.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

FRAUDS, STATUTE OF—AGREEMENT NOT TO BE PERFORMED WITHIN ONE YEAR—PAROL EVIDENCE.

Under the provision of the statute of frauds making void any agreement not in writing which is not to be performed within one year, evidence that a contract which by its terms was to continue until the termina-

tion of patents therein mentioned, some of which had more than one year to run, was orally assented to, was inadmissible.

　[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Frauds, Statute of, § 375.]

Appeal from Trial Term, Richmond County.

Action by Apollonia Warth, trading under the firm name of Albin Warth, against Jacob Kastriner and Charles Eisenman. From a judgment for plaintiff, and an order denying a new trial, Eisenman appeals. Judgment and order reversed, and new trial granted.

See 100 N. Y. Supp. 279; 94 N. Y. Supp. 1166.

The complaint alleges that the plaintiff's predecessor and the defendants entered into two written agreements on April 15, 1892, and July 2, 1892, by which the defendants received from the said predecessor and used in their business a certain machine of his patent, and on which he had a series of letters patent issued to him between April 9, 1872, and April 10, 1888, both inclusive, and agreed to pay therefor a specified sum down, which they did pay, and then $100 every six months as a royalty; with the right to the defendants to return the machine at any time and have the payment of royalties cease from that time, upon condition that they should not thereafter use any other similar machine instead until the said patents should have run out. The machine was returned, and all royalties paid up to that time. But the evidence was that the defendants substituted another machine instead, and the action is to recover the royalties accruing after the machine was returned.

Argued before JENKS, HOOKER, MILLER, RICH, and GAYNOR, JJ.

Henry B. Ketcham (J. Ard Haughwout, on the brief), for appellant.
Augustus J. Koehler, for respondent.

GAYNOR, J. The written agreements pleaded were never signed by the defendants. They were sent to them by the other party, the plaintiff's predecessor, and retained by them, and the learned trial judge allowed evidence for the plaintiff to the effect that they orally assented to their provisions. This was error, for the contract they contained was one which by its terms was to continue until the termination of the patents, and at the time of the making thereof there were seventeen of the patents which still had from one to thirteen years to run, the life of a patent being seventeen years. The statute of frauds makes void every agreement not in writing and signed by the party to be charged therewith—i. e., sought to be charged therewith—and which "by its terms is not to be performed within one year from the making thereof." This statute created a rule of evidence. It renders oral evidence incompetent to prove in whole or in part a contract which must be proved by a writing, and the objection to such evidence for incompetency was good. The motion to direct a verdict for the defendant should have been granted.

The judgment and order should be reversed.

　Judgment and order reverved, and new trial granted; costs to abide the event. All concur.