LOUIS A. TYLER, Respondent, *v.* JOHN H. WINDELS, Appellant.

First Department, March 7, 1919.

Statute of Frauds — oral contract for employment not to be performed within one year — full performance necessary to take contract out of operation of statute.

An oral contract of employment for the period of eighteen months commencing at the date of the contract is void under subdivision 1 of section 31 of the Personal Property Law, upon the ground that it was not to be performed within one year from the making thereof.

Full performance by both parties is necessary to take such a contract out of the operation of the statute.

APPEAL by the defendant, John H. Windels, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of September, 1918, denying his motion for judgment on the pleadings, consisting of a complaint, answer, reply and a demurrer to the reply.

*Alexander Holtzoff* of counsel [*Paul Windels* with him on the brief; *Windels & Holtzoff*, attorneys], for the appellant.

*Robert W. Crawford* of counsel [*Kellogg, Emery & Cuthell*, attorneys], for the respondent.

MERRELL, J.:

Defendant has appealed from an order denying his motion for judgment on the pleadings.

The complaint demands judgment for the sum of $5,091.19, alleged balance plaintiff's due from defendant upon a contract of employment. The complaint alleges that on or about July 1, 1915, plaintiff and defendant entered into an agreement whereby defendant employed plaintiff for the period of eighteen months, commencing at the date of the contract and ending December 31, 1916, for the sum of $350 per month and an additional twenty per cent upon profits earned by defendant's business during said employment, as a bonus for faithful service. Plaintiff entered upon such employment and completed his term, and on his part performed all the terms and conditions of the contract, but the defendant failed and neglected to pay plaintiff the twenty per cent bonus, provided by the contract, for th last six months of its term, from July 1, 1916, to December 31, 1916, and which twenty per cent of profits for said period amounted to the sum for which judgment was demanded. Defendant paid plaintiff his compensation of $350 per month during the entire term, and also paid the agreed bonus for the first year of the term of plaintiff's employment. The contract was oral, and defendant pleads the Statute of Frauds as a defense to plaintiff's alleged cause of action, alleging that the agreement on which plaintiff seeks to recover, by its terms, was not to be performed within one year from the making thereof, and that neither the alleged agreement nor any note or memorandum thereof was ever

made in writing and subscribed by the defendant herein, who is sought to be charged therewith, or by his lawful agent, and that said contract was, therefore, void. To such answer the plaintiff replied, urging that because of full performance on plaintiff's part and full performance on the part of the defendant, except as to the payment of the stipulated bonus for the last six months of plaintiff's service, such full performance on plaintiff's part and partial performance on defendant's part takes the case out of the statute and validates the contract between the parties. The defendant has demurred to plaintiff's reply, upon the ground that the same is insufficient in law upon the face thereof, and has moved the court for judgment upon the pleadings. Such motion was denied, the court stating in the order appealed from that "The contract having been fully performed and nothing but a balance of compensation for a six months' period remaining to be paid, the defense pleaded is not applicable; wherefore, demurrer to reply is not sustained."

I think defendant's motion should have been granted. The alleged contract upon which plaintiff seeks to recover was clearly void under the provisions of subdivision 1 of section 31 of the Personal Property Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45), and under the decisions in the State of New York nothing short of full performance by both parties will take the contract out of the operation of the statute. The statute, by its terms, makes such a contract, as that upon which plaintiff sues, void. (*Wahl* v. *Barnum*, 116 N. Y. 87; *Price* v. *Press Publishing Co.*, 117 App. Div. 854; *Hubbard* v. *Hubbard*, 151 id. 174; *Wolke* v. *Fleming*, 103 Ind. 105; *Board of Commissioners* v. *Howell*, 21 Ind. App. 495; *Osborne* v. *Kimball*, 41 Kan. 187.)

Our attention has been directed to a line of cases in other jurisdictions holding that such a contract was not void, but voidable, and that where there has been full performance on the part of one party the Statute of Frauds cannot be availed of as a defense to an action to recover by the party who has performed. (*Diamond* v. *Jacquith*, 14 Ariz. 119; *MacDonald* v. *Crosby*, 192 Ill. 283; *Lowman* v. *Sheets*, 124 Ind. 416; *Wehner* v. *Bauer*, 160 Fed. Rep. 240.)

These cases arose under somewhat different statutes than

that in force in this State. The statute in Arizona and the other jurisdictions where the cases cited arose, prohibits the bringing of an action on an oral contract not to be performed within the space of one year from the making thereof, unless the promise or agreement upon which the action is brought or some memorandum thereof shall be in writing and signed by the party to be charged therewith, or by some person thereunto by him lawfully authorized. The courts have held that such a statute merely prohibits an action to be brought on such a contract, and if the parties see fit to carry out the transaction they may validate the contract. But where, as in this State, the statute provides that such an oral contract is void, part performance will not render the contract enforcible.

I am, therefore, of the opinion that defendant's motion for judgment on the pleadings should have been granted, and that the order denying the same should be reversed, with ten dollars costs and disbursements, and the motion for judgment granted in defendant's favor dismissing plaintiff's complaint, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted dismissing complaint, with ten dollars costs.