ROBERT A. BADGER, Respondent, v. SCOBELL CHEMICAL COMPANY, INC., Appellant.

Fourth Department, November 2, 1927.

Statute of Frauds — defense — action on oral contract for services not to be performed within one year — plaintiff contended that contract was ratified at beginning of second year — error not to submit defense of Statute of Frauds to jury.

In this action to recover on an oral contract for services which by its terms was not to be performed within one year, it was error for the court not to submit to the jury the question whether or not the contract was ratified by the defendant at the beginning of the second year. The defense contended that the contract was not ratified at the beginning of the second year and offered evidence to support that contention and, therefore, the jury should have been properly instructed upon the question of the Statute of Frauds

APPEAL by the defendant, Scobell Chemical Company, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 11th day of April, 1927, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Bowman & Van Schaick [George S. Van Schaick of counsel],* for the appellant.

*William W. Armstrong,* for the respondent.

HUBBS, P. J. This is an action to recover the sum of $6,200, unpaid salary alleged to be due the plaintiff for services as general manager of the defendant corporation from July 2, 1923, to January 1, 1924, and for the year 1924. It is alleged in the amended complaint that on or about July 2, 1923, an agreement was entered

into between the parties to pay to plaintiff the sum of $1,200 for acting as general manager for the balance of the year and the sum of $5,000 for the year 1924, and that in January, 1924, the defendant duly ratified such agreement and authorized the continuance of such contract for the year 1924 and agreed to pay such compensation. The answer, with other defenses, plead the Statute of Frauds.

The plaintiff introduced testimony which tended to substantiate the allegations of the complaint. The agreement alleged by plaintiff to have been made in July, 1923, was an oral, bi-lateral contract. (*Grossman* v. *Schenker*, 206 N. Y. 466.) As the services contracted for were not to be performed within one year and there was no note or memorandum in writing subscribed by the defendant, the contract was void under the Statute of Frauds. (Pers. Prop. Law, § 31, subd. 1; *Tyler* v. *Windels*, 186 App. Div. 698; affd., 227 N. Y. 589.) Testimony was given to the effect that, at the annual meeting of the stockholders of the defendant in January, 1924, the contract was ratified, approved and extended for the year 1924, and a new hiring made for that year. A jury would have been justified in so finding. The defendant offered testimony, however, in contradiction of that offered by the plaintiff upon that question, thus presenting a clear issue of fact. If the jury upon that issue had found in favor of the defendant a recovery by the plaintiff would be barred by the Statute of Frauds.

The learned trial justice, in his charge to the jury, did not mention the Statute of Frauds and did not instruct the jury that it must find in favor of the plaintiff upon the issue of fact as to what took place at the meeting in January, 1924, before it could find a verdict in his favor. At the close of the charge the counsel for the defendant called the attention of the court to the failure to charge upon the issue raised by the answer under the Statute of Frauds, and by appropriate requests to charge and exceptions to the court's refusal to charge as requested properly presented the alleged error.

In the charge the learned trial justice submitted the question of whether there was an agreement to pay the plaintiff $6,200 for services during the last six months of 1923 and for the year 1924 as one of fact to be determined by the jury. Under the charge the jury might properly have found as it did, in favor of the plaintiff, even though it believed that no agreement to ratify and extend the contract was entered into at the annual meeting in January, 1924.

The defendant was entitled to have its defense under the Statute of Frauds submitted to the jury. It should have been instructed to the effect that there could be no recovery by the plaintiff unless

it found that the contract of July, 1923, was ratified and extended at the meeting in January, 1924.

The judgment and order should be reversed upon the law and a new trial granted, with costs to the appellant to abide the event.

All concur.    Present — HUBBS, P. J., CLARK, SEARS, TAYLOR and SAWYER, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide event.