THOMAS F. KELLEY, Doing Business under the Trade Name and Style of NEW YORK ILLUSTRATED PRESS ASSOCIATION, Respondent, *v.* CHAMPLAIN STUDIOS, INC., Appellant, Impleaded with Another, Defendant.

First Department, April 27, 1928.

**Joint ventures — validity of agreement under Statute of Frauds — plaintiff's testimony shows that agreement was oral and was for indefinite time and that accounting was not to be had until after expiration of two years — agreement is void under Statute of Frauds (Pers. Prop. Law, § 31, subd. 1).**

Plaintiff brings this action to recover one-third of the gross receipts which he claims are due him under a joint venture.  The plaintiff's testimony shows that he entered into an oral agreement with the defendant corporation which was to be of indefinite duration, whereby the defendant agreed to give the plaintiff office room in its studios and to pay all the expenses of taking photographs of prominent people, which were to be used by the plaintiff in a joint venture for sale to newspapers and periodicals, and that while the plaintiff was to retain title to the negatives, they were to be left at the defendant's studio, and plaintiff also testified that immediately thereafter he entered into an independent contract with the defendant whereby the latter employed the plaintiff as a helper at thirty-five dollars per week.  The plaintiff's testimony that a contract of joint venture was entered into was denied by the defendant's president and is contrary to the admitted facts of the case, which show that the plaintiff repaid in small sums from his weekly salary loans from the defendant during the period when he claimed that the defendant owed him large amounts under the joint venture contract.

The contract, even if proven, was void, under subdivision 1 of section 31 of the Personal Property Law, inasmuch as it was oral and was not by its terms to be performed within one year.

The agreement was clearly executory and it cannot be claimed that it was taken out of the statute by a part performance, for nothing short of full performance by both parties will remove a contract from the operation of the Statute of Frauds, and in this case there was no performance whatsoever on the part of the defendant, and in fact it denied the existence of any contract of joint venture.

APPEAL by the defendant, Champlain Studios, Inc., from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 20th day of June, 1927.

*William Bell Wait* of counsel [*Everett Rushmore* and *A. G. Pollock* with him on the brief], for the appellant.

*Irving D. Lipkowitz* of counsel [*Milton S. Cohn* with him on the brief; *Cohn & Lipkowitz*, attorneys], for the respondent.

MERRELL, J.   The action is brought to recover one-third of the gross receipts which plaintiff claims are his due in a joint venture entered into between the plaintiff and the defendant.   The judgment appealed from was upon the verdict of a jury upon a second trial of the issues.   The plaintiff obtained a verdict at the first trial and the judgment entered thereon was unanimously reversed by this court on appeal, upon the ground that the verdict of the jury was against the weight of the evidence.   (220 App. Div. 156.)

The plaintiff testified that for twenty or more years prior to the making of the alleged contract with the defendant he had been engaged, under the *nom de plume* of T. C. Bigelow and doing business under the trade name of New York Illustrated Press Association, in obtaining photographs of people of prominence in this country and throughout the world for sale to newspapers and periodicals as they might require the same, and in supplying news matter and news photographs of prominent people to newspapers and magazines.   Plaintiff testified that on or about February 8, 1922, he entered into a verbal contract with the president of the defendant corporation whereby the defendant agreed to give plaintiff office room in its studio and to furnish the apparatus for taking photographs and to photograph people of prominence produced by the plaintiff; that the negatives of such photographs should be the property of the plaintiff, although they were to be left indefinitely at the defendant's studio; that the plaintiff should receive shiny prints from the negatives for disposition to newspapers as he might see fit; that upon such prints there was to appear the advertisement of the Champlain Studios, Inc.; that all expenses of the taking of the photographs was to be borne by the defendant;

that the arrangement was to continue indefinitely, and that after the expiration of two years' time the defendant would account to the plaintiff and pay to the plaintiff one-third of the gross receipts from the sales of photographs of customers produced by plaintiff. Plaintiff testified that defendant's president expressed satisfaction and acquiescence in such arrangement, and of his own volition then employed the plaintiff upon an independent contract to work for the defendant in its photograph gallery as the defendant might require his services at a weekly salary of thirty-five dollars. Plaintiff testified that on the day following, February 9, 1922, he commenced his service with the defendant, and that thereafter he drew his salary of thirty-five dollars weekly. It appeared, however, from the testimony that from time to time the defendant loaned and advanced money to the plaintiff, amounting in the aggregate to one thousand one hundred and seven dollars and ten cents. Plaintiff testified that said loans to him commenced at about the time of his entering the defendant's employ and continued throughout his employment. Plaintiff also testified that at the time of the trial such loans had not been entirely repaid, but that it had been the custom to make weekly repayments by deductions from the plaintiff's salary in amounts of five dollars a week, or, on one or two occasions, ten dollars a week. It was shown at the trial that there remained a balance still unpaid of the moneys so loaned by defendant to plaintiff of four hundred and seventy-eight dollars and ten cents.

Defendant's president denied that the plaintiff and defendant entered into any such arrangement as that to which the plaintiff thus testified. The defendant's president testified that the plaintiff came to him out of work, stating that he had been unemployed for five weeks, and asked the defendant's president if he could not give him a position as clerk in his studio. The defendant's president testified that he finally hired the plaintiff as general helper in and about his studio and for the purpose of soliciting customers, at a salary of thirty-five dollars a week, which salary the plaintiff was regularly paid each week. Defendant's president also testified at the trial as to the loans made by defendant to plaintiff during his service, and that payments upon such loans were made in small amounts by deductions from the plaintiff's weekly salary of thirty-five dollars.

The testimony presented a sharp question of fact between the plaintiff and the defendant's president, the plaintiff testifying as to the making of the contract of joint venture, and defendant's president denying the same in all respects. The jury was called upon to determine which was telling the truth. In the opinion of this court upon the

former appeal (220 App. Div. 159) attention was directed to the significant fact that the plaintiff, a man without means, was repaying borrowed money out of his weekly salary at times when he claims the defendant was indebted to him to the extent of thousands of dollars. According to the testimony of plaintiff, at the end of two years the defendant was to account to plaintiff for the gross receipts from the sale of photographs under the arrangement which he claims was made and was to pay the plaintiff one-third of such gross receipts as his share of the joint venture.   Plaintiff remained in the employ of the defendant the two years and thereafter until July 12, 1924, but there was never any accounting, although the plaintiff testifies that he demanded, after the expiration of the two-year period, an accounting by defendant, and that thereafter until about the middle of July, 1924, when the defendant dispensed with the plaintiff's services, he several times asked the defendant to account. The alleged contract upon which the plaintiff seeks to recover was entirely oral, no note or memorandum thereof being in writing, and it does not appear that any written demand was ever made upon the defendant to account.   The remarkable circumstance, to which attention was called in the opinion of this court in reversing the judgment rendered upon the verdict at the first trial, of the repayment by plaintiff in five-dollar sums from his weekly salary of loans made by defendant when the plaintiff claims that the defendant was owing him moneys running into the thousands of dollars, remains unexplained.  We think that circumstance alone throws grave doubt upon the truth of the testimony of the plaintiff. However, inasmuch as a second jury has credited the testimony of the plaintiff as to the making of the alleged contract, we would be disinclined to set aside the verdict at the last trial upon the weight of evidence were we convinced that the plaintiff's testimony established any legally binding contract with the defendant.   The record of the trial presents many errors which would require a reversal of the judgment appealed from and the granting of a new trial.   Were it not for the fact that in our opinion the plaintiff's testimony was insufficient to establish a contract legally binding the defendant, and that, therefore, there must be a reversal of the judgment rendered and a dismissal of the plaintiff's complaint, we would have no hesitation in ordering a retrial of the issues.

The contract upon which the plaintiff depends was oral, no note or memorandum thereof being in writing subscribed by the party to be charged therewith or by its lawful agent.   The contract, according to the testimony of the plaintiff, was in no event to be performed until after the expiration of two years, at which time, the plaintiff testified, the defendant was to account to him and he was

to receive one-third of the gross receipts of the joint enterprise. Plaintiff testified that the arrangement was that two years should elapse before he should receive anything under the contract. By section 31, subdivision 1, of the Personal Property Law it is provided that every agreement, promise or understanding is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith or by his lawful agent, if such agreement, promise or undertaking by its terms is not to be performed within one year from the making thereof. The complaint herein did not allege whether the contract upon which the plaintiff sued was oral or written. It developed upon the first trial that the plaintiff was relying upon an oral contract, and that the same was not to be performed within one year. After the reversal of the judgment entered upon the first trial leave was granted to defendant to amend its answer by setting up the Statute of Frauds as a defense. The case, therefore, comes to us upon this appeal with such defense properly alleged. There is no doubt whatever that the contract upon which the plaintiff seeks to recover by its terms was not to be performed within one year from the time when it was made. If the plaintiff is to be believed, the contract could not be performed within one year. In our opinion, therefore, it was void by reason of the statute mentioned. The case of *Williamsburg City Fire Ins. Co.* v. *Lichtenstein* (98 Misc. 342; affd., 176 App. Div. 910) is in point. In that action, which was to foreclose a mortgage, the defendant pleaded an oral agreement on the part of the plaintiff to extend the balance of the mortgage debt upon the defendant assuming to plaintiff the payment of the sum of $4,000, payable in semi-annual installments of $500 each. Defendant demurred to plaintiff's reply upon the ground that the agreement was void by reason of the provisions of the Statute of Frauds. The defendant's demurrer was overruled, the court holding: " It is evident, therefore, that the agreement could not be performed within a year, but, on the other hand, it would take four years to make the payments required to obtain the extension. Neither party in the meantime could insist upon the payment of the $4,000 except as agreed upon. The one could not compel the payment of the money before the due day, and a tender thereof by the other before that time would not have been good. The agreement was clearly executory, and likewise unenforcible under the statute." It cannot be claimed that performance takes the contract in suit out of the statute. Nothing short of full performance by both parties of a contract void by reason of the provisions of the Statute of Frauds will take the contract outside the operation of the statute. (*Tyler* v. *Windels*, 186 App. Div. 698; affd., 227 N. Y. 589.) In the

case at bar the defendant denies absolutely the making of the contract to which the plaintiff testified, and the plaintiff made no claim that there had been any payment by the defendant to the plaintiff under the alleged contract. The Court of Appeals in *Wahl* v. *Barnum* (116 N. Y. 87, 97) held that a contract such as that in suit did not differ from any other contract, and if, under its terms, it was to continue for more than one year, said contract was void by statute. To the same effect was the decision in *Pinner* v. *Leder* (115 Misc. 512; affd., 200 App. Div. 894). We are, therefore, of the opinion that the court erred in refusing to dismiss the plaintiff's complaint upon the motion of counsel for the defendant made at the close of the plaintiff's case, and renewed at the close of the evidence, upon the ground that the contract in suit was not to be performed within one year, and that no note or memorandum thereof in writing was signed by the defendant to be charged.

The judgment appealed from, therefore, should be reversed, with costs, and plaintiff's complaint dismissed, with costs.

DOWLING, P. J., MARTIN, O'MALLEY and PROSKAUER, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.