ANDREW H. SOPHIE, Respondent, v. RICHARD T. FORD, Appellant.

Fourth Department, November 12, 1930.

*John J. McInerney,* for the appellant.

*Allen L. Rosenberg,* for the respondent.

EDGCOMB, J. The question to be determined upon this appeal is whether a certain verbal contract, which was entered into between the parties on the 17th day of April, 1928, is void under the Statute of Frauds because it was not to be fully performed within one year from its date. (Pers. Prop. Law, § 31, subd. 1.) It is conceded that the agreement was oral, and that no note or memorandum thereof was reduced to writing. The court below has held that the contract, by its terms, was to be performed within one year from its date, and, therefore, that it was a valid and enforcible compact.

The defendant, Mr. Ford, is a member of the Knights of Columbus, and is deeply interested in the work of that society. In 1928 he was the general manager of a building owned by that organization in the city of Rochester. One Michael D. Kavanaugh was the financial secretary of the Rochester council. His salary was fifty dollars per week. He and the defendant did not agree. On April 17, 1928, a meeting of the council of the organization was held at defendant's apartment, and was attended by both the plaintiff and the defendant. Mr. Ford was insistent that Kavanaugh should resign. After some discussion, the agreement which is the basis of this action was entered into. Its terms are detailed by the plaintiff in the following language: " Mr. Ford said either Kavanaugh would resign or he would resign. * * * I said to Mr. Ford, ' Can you get fifty-two hundred dollars together, which is equivalent to two years' salary of Mr. Kavanaugh.' * * * I said: ' I would take Mr. Kavanaugh into my office and teach him bookkeeping and accounting and give him the small work that I had, so that he would be able to take care of himself in the future.' Mr. Ford says: ' All right, I will do that; that's agreeable to me.' I said, ' All right, then you send me two hundred dollars every four weeks, until fifty-two hundred is paid, and I think I can get Mr. Kavanaugh to resign.' Mr. Ford says: ' That's a go.' And that was about the end of the conversation, except with the passing remark that Mr. Ford seemed to be very much pleased."

The witnesses agree that all the money paid by the defendant was to be turned over to Kavanaugh by the plaintiff, and that the latter was to retain no part thereof.

Defendant sent to the plaintiff a check for $200 every four weeks for a year, and then discontinued such payments. This action was brought to recover the installments claimed to be due under said agreement for a period of twenty weeks, extending from April 29, 1929, to September sixteenth of the same year. Defendant pleaded as a defense the non-compliance with the requirements of section 31 of the Personal Property Law, and the consequent invalidity of the contract. Plaintiff was given a judgment in the City Court of Rochester, Civil Branch, which judgment has been affirmed by the County Court of Monroe county.

It is manifest that the bargain between the parties must be construed as one to pay Mr. Kavanaugh for the two succeeding years the salary which he had been receiving as financial secretary of the Rochester council of the Knights of Columbus, the same to be paid at the rate of $200 every four weeks. Neither plaintiff, nor Kavanaugh, for whose benefit the contract was made, could have compelled the payment of any installment before the day it became due. Only one-half of the installments fell due within the year following the making of the contract. The agreement was clearly executory. It is evident, therefore, that it was not to be performed within a year from the making thereof. As neither the contract nor any note or memorandum thereof was reduced to writing and subscribed by the defendant or his lawful agent, it is void, and cannot be enforced. (Pers. Prop. Law, § 31; *Kelley* v. *Champlain Studios, Inc.*, 223 App. Div. 388; *Williamsburg City Fire Ins. Co.* v. *Lichtenstein*, 98 Misc. 342; affd., 176 App. Div. 910; *Drummond* v. *Burrell*, 13 Wend. 307; *Lower* v. *Winters*, 7 Cow. 263; *Parks* v. *Francis's Admr.*, 50 Vt. 626.)

The fact that defendant fulfilled the obligation imposed upon him for a time does not validate the agreement and take it out of the statute. To accomplish such result, performance must be complete and not partial. (*Wahl* v. *Barnum*, 116 N. Y. 87; *Kelley* v. *Champlain Studios, Inc.*, 223 App. Div. 388; *Tyler* v. *Windels*, 186 id. 698; affd., 227 N. Y. 589; *Deutsch* v. *Textile Waste Merchandising Co.*, 212 App. Div. 681, 686; *Lockwood* v. *Barnes*, 3 Hill, 128; *Broadwell* v. *Getman*, 2 Den. 87.)

It follows, therefore, that the contract sued upon is void and cannot be enforced. The judgment below, therefore, cannot stand.

The defendant also urges that plaintiff is not the real party in interest, and cannot, therefore, maintain this action. (Civ. Prac. Act, § 210.)

The conclusion already reached makes it unnecessary to discuss that objection.

The judgment appealed from should be reversed, and as the contract sued upon has no validity or effect, the complaint should be dismissed.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

Judgment of County Court and judgment of City Court reversed on the law, with costs, and complaint dismissed, with costs.