FRANK CULOTTA, Plaintiff, *v.* BANANA SALES CORPORATION, Defendant.

Supreme Court, Monroe County, December 5, 1931.

*Mann, Strang, Bodine & Wright,* for the plaintiff.

*Sutherland & Dwyer,* for the defendant.

CUNNINGHAM, J. The plaintiff seeks to recover damages for breach of a contract of employment, alleging that such contract was made in connection with the sale by plaintiff of his banana business and the lease of the premises on which the business was conducted. Plaintiff claims that he was employed for three years, from March 11, 1929, and was discharged on the 29th of April, 1929.

The defendant in its answer sets up the Statute of Frauds (Pers. Prop. Law, § 31) as a defense, claiming that as the contract relied upon by plaintiff was not to be performed within one year, the period of its duration must be evidenced in writing.

The plaintiff in his bill of particulars sets forth that he relies upon two instruments in writing, one a lease for two stores, executed February 28, 1929, and the other a contract of hiring of plaintiff, executed March 6, 1929. In the latter document the time during which the employment is to be continued is not stated.

The bill of particulars must be taken into consideration in the determination of this motion. (*Richardson* v. *Gregory,* 219 App. Div. 211; affd., 245 N. Y. 540.)

The lease and contract of employment were not executed at the same time. One does not refer to the other. There is nothing in either of them to show that they are related or interdependent. It may not be inferred from these writings that the plaintiff was hired for three years. (*Marks* v. *Cowdin,* 226 N. Y. 138, 145.)

Therefore, the plaintiff must rely upon oral evidence to prove the term of the contract of hiring.

The essential part of a contract not to be performed within one year, to which the Statute of Frauds is directed, is that of time, its duration, the length of its continuance. This must be evidenced

by a writing. If the writing or writings relied upon omit to specify the duration of the contract, oral evidence may not be accepted to supply this omission. (*Warth* v. *Kastriner*, 120 App. Div. 480; *Buff-Merz* v. *Ratkowsky*, 182 N. Y. Supp. 162; *Friedman & Co.* v. *Newman*, 255 N. Y. 340, 347.)

The oral contract being void under the Statute of Frauds, validity will not be given to it by writings which do not state the term of the employment.

Parol evidence will not be received to supply an omission in a writing which is insufficient to comply with the requirements of the Statute of Frauds.

A contract which is not to be performed within one year is not ratified or rendered valid by part performance. (*Sophie* v. *Ford*, 230 App. Div. 568.)

The contract relied upon by the plaintiff as the basis of his action is void under the Statute of Frauds.

The motion is granted, with ten dollars costs, and judgment ordered in favor of the defendant, dismissing the complaint, with costs.