## WINCHESTER *v.* BROWN.

1. Sales—Right to Possession.
   Where title and possession of personal property passed to purchaser, who was allowed to use it on seller's premises, latter's refusal to permit purchaser to remove it in no way affected his title thereto or his right to obtain possession of it by legal process.

2. Same—When Recovery May be Had Under Oral Contract.
   Where title to personal property and possession thereof had passed to purchaser, seller could maintain action for unpaid portion of purchase price, if due and unpaid, notwithstanding contract was not in writing (2 Comp. Laws 1929, §§ 9442, 9443, 9502).

3. SAME—QUANTUM MERUIT.
    Right to recover on *quantum meruit* is restricted to cases in which
        contract is void under statute of frauds but has been fully
        executed by one party and other has received consideration and
        accepted benefit.

4. SAME—ORAL CONTRACT—RIGHT TO RECOVER PURCHASE PRICE.
    Where, in action for purchase price of personal property sold
        under oral contract, title and possession to which had passed
        to defendant, under his theory of case purchase price was to be
        paid in monthly payments and nothing was due at time action
        was begun, trial court was in error in submitting case to jury
        on theory that contract was void because not made in writing,
        and that recovery might be had on *quantum meruit* (2 Comp.
        Laws 1929, §§ 9442, 9443, 9502).

Appeal from Kent; Brown (William B.), J. Submitted June 13, 1933. (Docket No: 115, Calendar No. 36,719.) Decided October 2, 1933.

Assumpsit by Truman Marshall against John Brown for balance of purchase price of milk route and equipment. On death of plaintiff, LuVerne A. Winchester, administrator of his estate, was substituted. Verdict and judgment for plaintiff. Defendant appeals. Reversed, and new trial granted.

*Linsey, Shivel & Phelps (John H. Vander Wal, of counsel), for plaintiff.*

*McAllister & McAllister, for defendant.*

SHARPE, J. On November 15, 1926, Truman Marshall, a farmer living near Grand Rapids, sold a milk route he had been operating and the equipment, consisting of a boiler, sterilizer, cream separator, and other articles, to the defendant. This action was brought to recover the purchase price thereof and for milk sold to the defendant. Plaintiff had

verdict and judgment, which was set aside on motion, and a new trial granted. In the meantime Marshall had died, and his administrator was substituted as party plaintiff. Marshall's testimony on the former trial was admitted in evidence. Plaintiff had verdict and judgment for $597.92, from which the defendant has appealed.

There is no dispute about the fact that Marshall and the defendant entered into an oral agreement whereby the former sold to the latter his milk business and the equipment used therewith, and that there was delivery thereof to the defendant, and that the title thereto passed to him. Marshall allowed him to use the equipment in his milk house, and his claim that, several months later, he was refused permission to remove it, in no way affected his title thereto or his right to obtain possession of it by legal process.

The dispute arises over the price and the manner of payment. Marshall testified that he was to have $550 if paid in cash, or $600 if on terms. The defendant testified that $550 was agreed upon as the price, and that it was to be paid in monthly payments of $25 each. In answer to special questions, the jury found that the sale was on such monthly payments. Marshall admitted the receipt of four of such payments, amounting to $100.

It is also undisputed that Marshall sold milk to the defendant to the amount of $200. He credited these payments thereon. The defendant claimed that the milk was paid for by an assignment of certain accounts by him to Marshall.

In submitting the case to the jury, the trial court instructed them that the title to the property sold had passed to the defendant, and that, if the contract made was as claimed by plaintiff, and if they

found that the payments made by defendant were properly applied by plaintiff on the amount due him for the milk sold by him, he was entitled to a verdict for the amount claimed.

He also instructed them that if the contract price was as claimed by the defendant, and to be paid in monthly payments—

"the contract having been completed with the exception of the agreed purchase price, the defendant is obligated to pay the value of the things sold to him by the plaintiff upon the theory of the *quantum meruit* or what the things are reasonably worth not to exceed the purchase price fixed in the contract."

. This instruction was probably based upon the claim of the defendant that, the contract being an oral one and the last of such payments not to be made within one year, it was unenforceable under the statute of frauds. 3 Comp. Laws 1929, § 13417, provides that "Every agreement that, by its terms, is not to be performed in one year from the making thereof" shall be void unless it "or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized."

Under the "uniform sales act," 2 Comp. Laws 1929, § 9442, a contract for the sale of personal property may be made in writing, "or by word of mouth," and under section 9443 if the value be $100 or more it is unenforceable unless the buyer shall accept the goods sold, or a part of them, and actually receives the same, and that—

"There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods expresses by words or conduct his assent to becoming the owner of those specific goods."

Section 9502 reads, in part, as follows:

"(1)   Where under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods."

In *Scott* v. *Bush,* 26 Mich. 418, 422 (12 Am. Rep. 311), it was said:

"Had the plaintiff in this case obtained possession from the defendant, under the verbal arrangement, the contract would have been taken out of the statute, and would not have been void."

Both the title to the property sold and the possession thereof passed to the defendant, and—

"all that he promised to do was to pay money and there is no law requiring such a promise to be in writing to be enforceable." *Pangburn* v. *Sifford,* 216 Mich. 153, 155.

See, also, *Davis* v. *Strobridge,* 44 Mich. 157; *Holmes* v. *Borowski,* 233 Mich. 407.

The right to recover on the *quantum meruit* is restricted to cases in which the contract is void under the statute but has been fully executed by one party and the other has received the consideration and accepted the benefit. It is not based—

"upon the contract, but upon the appropriate common counts in assumpsit, and upon the duty, promise, or obligation springing from the property, money, or benefit thus conferred by the plaintiff and received and appropriated by the defendant." *Whipple* v. *Parker,* 29 Mich. 369, 374.

See, also, *Vande Berg* v. *Vanden Bosch,* 242 Mich. 37.

If, as claimed by the defendant, the purchase price was to be paid in monthly payments and the four payments were made thereon, there was nothing due plaintiff on the contract at the time the action was begun.

There was no special finding on the claim of plaintiff for milk sold defendant. A question for the jury was presented.

The judgment is reversed, with costs to defendant, and a new trial granted.

McDONALD, C. J., and POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. CLARK, J., took no part in this decision.