## ORDON v. JOHNSON.

1. FRAUDS, STATUTE OF—SPECIFIC PERFORMANCE—LIABILITY FOR VALUE RECEIVED.

A party who enters into a contract that is void because his obligation thereunder is not to be performed within a year would not be subjected to specific performance thereof because he had received consideration and accepted the benefit, but would be liable under the appropriate common counts in assumpsit for the value thus accepted and appropriated (CL 1948, § 566.132).

2. SAME—REFERENCE TO VOID CONTRACT—ACTION—CONSIDERATION—EVIDENCE.

Reference may properly be had to contract, that is void because not in writing and not to be performed within a year, in action at law to recover value of benefit conferred for purpose of showing the equitable circumstances and of reducing the consideration below that specified in the contract (CL 1948, § 566.132).

3. SAME—CONTRACT NOT TO BE PERFORMED WITHIN A YEAR—PART PERFORMANCE.

The prohibition against according validity to an oral contract that is not to be performed within a year relates to the time of performance and part performance does not alter the relations of the parties (CL 1948, § 566.132).

4. SAME—QUANTUM MERUIT.

The right to recover on the *quantum meruit* is restricted to cases in which the express contract is void under the statute of

REFERENCES FOR POINTS IN HEADNOTES

[1] 49 Am Jur, Specific Performance § 21.
[2] 49 Am Jur, Statute of Frauds §§ 573, 574.
[2] Contract which violates statute of frauds as evidence of value in action not based on the contract. 49 ALR 1121.
[3] 49 Am Jur, Statute of Frauds § 419 *et seq.*
[4, 5] 49 Am Jur, Statute of Frauds § 556.

frauds but has been fully executed by one party and the other has received the consideration and accepted the benefit (CL 1948, § 566.132).

5. EQUITY—SPECIFIC PERFORMANCE—TRANSFER OF CAUSES—QUANTUM MERUIT.

It was not error for trial court to transfer cause for specific performance of an oral contract for the sale of an interest in a partnership business from the equity to the law side of the court, and allow the parties to make necessary and proper amendments to pleadings, where plaintiff, although not entitled to specific performance, was entitled to his action on the *quantum meruit* (CL 1948, §§ 566.132, 611.2).

Appeal from Wayne; Ferguson (Frank B.), J. Submitted April 10, 1956. (Calendar No. 46,661.) Decided June 4, 1956.

Bill by Chester J. Ordon against A. Morgan Johnson for specific performance of oral agreement on sale of his interest in partnership. Motion to dismiss denied and plaintiff permitted to file amended bill. Prayer for temporary injunctive relief denied and case transferred to law side of court. Plaintiff appeals. Defendant cross-appeals. Affirmed and remanded.

*Victor H. Wehmeier,* for plaintiff.

*Marx & Fewlass,* for defendant.

CARR, J. Plaintiff brought this suit in equity for the purpose of obtaining a decree of specific performance of a claimed oral contract. The bill of complaint averred that in June, 1954, plaintiff and defendant became copartners and as such conducted a civil engineering business under an assumed name, that in February, 1955, negotiations were had for the purchase of plaintiff's interest by defendant, and that a tentative verbal agreement was made for

such purchase for the sum of $22,500, payable in part on the execution of a written agreement covering the transaction and the balance to be evidenced by a promissory note payable March 31, 1956. Plaintiff further averred in his pleading that defendant refused to carry out the agreement, and that it was subsequently abrogated by mutual consent.

Plaintiff's alleged cause of action rests on his claim that under date of March 24, 1955, the parties entered into a new arrangement, effective as of February 28, 1955, whereby the agreed purchase price of $22,500 was to be paid by defendant in instalments with final payment on May 1, 1957, such payments to be secured by an assignment of the accounts receivable of the partnership, and all such accounts thereafter payable to defendant in connection with the carrying on of the business. Apparently each of said agreements was reduced to writing but not signed by the parties.

Claiming that defendant refused to carry out the final contract, plaintiff instituted the present proceeding on May 4, 1955. At that time, a temporary injunction being sought, an order was issued by the court directed to defendant requiring him to show cause why such relief should not be granted. Said order contained a restraining provision forbidding defendant to dispose of the accounts receivable pending hearing on the order. Thereupon defendant filed a motion to dismiss, alleging that the oral agreement claimed by plaintiff was void under the statute of frauds, and also that plaintiff had an adequate remedy at law. With the motion to dismiss defendant filed his answer, claiming that he had performed under the first agreement and denying that said agreement had been superseded or abrogated. It further appears from said answer that plaintiff withdrew from the partnership and took no active part in its affairs, that a dissolution certificate

was filed in the office of the county clerk of Wayne county, and that defendant filed an assumed name certificate under the statute pertaining thereto. Defendant admitted that thereafter he had carried on the business in question.

A hearing on the order to show cause why a temporary injunction should not issue against defendant, and on the motion to dismiss the bill of complaint, was held on or about September 26, 1955. On that date an order was entered denying the petition for a temporary injunction and setting aside the restraining order that had been previously entered. The court further transferred the case to the law side of the court, giving the parties time to file such amended pleadings as might be necessary because of said transfer. On the date mentioned plaintiff filed an amended bill of complaint in which he specifically set forth certain acts of part performance of the oral agreement on which he based his suit. Under date of October 14, 1955, the court entered an order *nunc pro tunc* as of May 23, 1955, granting leave to amend and denying the motion to dismiss. It was stated in said order that the matters had been orally determined on the earlier date.

From the order transferring the cause to the law side of the court for trial, plaintiff, on leave granted by this Court, has appealed. Defendant filed claim of cross appeal from the order entered October 14, 1955, asserting that the court was in error in entering said order and that it was signed in the absence of attorneys representing defendant. On behalf of plaintiff it is argued that the attempted cross appeal is improper because not relating to the subject matter of plaintiff's appeal.

It will be noted that neither of the alleged verbal contracts referred to in the pleadings of the parties contemplated performance within a year. CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922) declares that

"Every agreement that, by its terms, is not to be performed in 1 year from the making thereof" shall be void unless it, or some note or memorandum thereof, be in writing and signed by the party to be charged or by his duly authorized representative. Defendant insists that the verbal agreement which plaintiff seeks to have specifically enforced is void by virtue of the statute. On behalf of plaintiff it is argued that there was such part performance as to entitle him to the relief that he is seeking. In considering this question it must be borne in mind that the alleged verbal agreements related to the sale and purchase of personal property. CL 1948, § 449.26 (Stat Ann § 20.26). The question presented is whether such a contract, resting wholly in parol, is void under the specific language of the statute above cited, notwithstanding that the acts of the parties done in recognition of their agreement constituted, as it is claimed, substantial performance. When defendant took over control of the property interests that were the subject matter of the transaction he, as plaintiff claims, did not make any payments on the purchase price nor did he assign the accounts receivable which, under plaintiff's version of the agreement, was a material part of purchaser's undertaking.

The leading Michigan case on the question of law involved is *Whipple* v. *Parker,* 29 Mich 369. The question before the Court and the position taken with reference thereto are indicated by the following quotation from the opinion (pp 371, 372, 374, 375):

"The contract, which the evidence tended to show, was substantially that, in consideration that the plaintiff would procure the defendant to be admitted as a partner in the Whipple Manufacturing Company, and to have 1/4 interest in the same (1/2 the plaintiff's interest for which the plaintiff had

paid), and in the business to be carried on and the profits to be made by it, without defendant being called upon for any compensation until the end of 3 years, he, the defendant, would, at the expiration of 3 years, pay whatever that interest should be worth; or rather, as I think, by reasonable construction (when considered in connection with all the circumstances), whatever the business as developed at the end of 3 years, should show that the said quarter interest was fairly worth at the time the contract was made, and the interest given to the defendant. The evidence also shows that whatever the plaintiff was to do, was expected to be, and was, in fact, then presently and at once performed, by making the defendant the owner of 1/4 interest in the company, for which the plaintiff had already made arrangements to pay; and which, in the organization of the company, then presently organized, he did pay, and of which the defendant received the benefit without having paid any compensation; but for which, as stated above, he agreed to pay at the end of 3 years.

"By our statute of frauds 'every agreement, contract or promise shall be void which by its terms is not to be performed in 1 year from the making thereof, unless such agreement, contract or promise, or some note or memorandum thereof, be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized.'—Rev Stat 1846, ch 81, § 2 (CL 1871, § 4698).   *   *   *

"It has sometimes been said that if the unwritten contract was to be performed on one side within the year, especially if it were even in fact so performed, this takes the contract out of the statute as to both, though the other party was not to perform his part till after that period:—*Donellan* v. *Read,* 3 Barn & Adol 899 (110 Eng Rep 330); and this has been followed by several cases, both in England and some of the United States, in which it seems to have been intimated that, if the consideration was actually

paid by one party, he might maintain an action upon the verbal contract or undertaking of the other party, though that was not to be performed till after the expiration of the year. But I confess my inability to see how the fact of the consideration having been paid down, or within the year, or yet to be paid, affects at all the question whether the defendant's undertaking, contract or promise sued upon, was to be performed within or after the year; or if only to be performed after the expiration of the year, how the action can be maintained against the 'party charged thereby;' or, under our statute, how the contract can be valid and the defendant be 'charged therewith,' unless that portion of the contract, at least, upon which his obligation arises, is in writing. To hold otherwise, would, it seems to me, be a direct and palpable violation of both the letter and purpose of the statute, and a clear disregard of the considerations and policy which led to its enactment. Nor can I see what bearing the question of consideration has upon this particular point, whether the action can be maintained upon the special contract itself.

"But if the contract has been executed by the other party, and he has received the consideration, and accepted its benefit, an action may be maintained against him for the benefit thus conferred, the money, property or value thus accepted and appropriated by him; not, however, upon the contract, but upon the appropriate common counts in assumpsit, and upon the duty, promise or obligation springing from the property, money or benefit thus conferred by the plaintiff and received and appropriated by the defendant."

The Court further emphasized (p 376) that the action was equitable in nature and that reference might properly be had to the contract, though void, for the purpose of showing the equitable circumstances and of reducing the consideration below that specified. The case was cited with approval in *Bris-*

*tol* v. *Sutton,* 115 Mich 365.  In *Benedek* v. *Mechanical Products, Inc.,* 314 Mich 494, 504, 505, it was pointed out that the Court had held in the *Whipple Case* that a plaintiff fully performing his part of a contract void under the statute of frauds may recover under the common counts, citing, also, *Fuller* v. *Rice,* 52 Mich 435, as sustaining such view of the law.

In *Jackson Iron Co.* v. *Negaunee Concentrating Co.,* 12 CCA 636 (65 F 298), the circuit court of appeals for the sixth circuit recognized that the Michigan rule on the matter at issue was as stated in *Whipple* v. *Parker, supra.*  Commenting on the situation before it, it was said, in part (p 304):

"We are of opinion that if any contract can be said to have arisen from the conversation above stated, it was within the statute of frauds of Michigan, which renders unenforceable every agreement not in writing that by its terms is not to be performed within 1 year from the making thereof.  How Stat, § 6185.*  Giving the evidence the construction most favorable for the plaintiff, the contract was an agreement by the defendant to pay during the life of the contract at least $2,500 a year for the privilege of taking the iron ore and using it, in consideration of the plaintiff's agreement to forbear to forfeit the rights of the Union Company under the contract, and thereby to prevent the defendant company from continuing its operation under its contract with the Union Company.  This was certainly an agreement on the part of the defendant to do something which, by its terms, could not be performed within a year, for both contracts had at least 10 years to run.  Even if it can be said that the plaintiff could and did fully perform within a year on its part that which formed the consideration of the defendant's promise, namely, the forbearance to

---

* See CL 1948, § 566.132 (Stat Ann 1953 Rev § 26.922).—REPORTER.

terminate the contract for a reasonable time, this was not, in Michigan, such a part performance as would take the case out of the statute of frauds. *Whipple* v. *Parker,* 29 Mich 369; *Perkins* v. *Clay,* 54 NH 518; *Emery* v. *Smith,* 46 NH 151; *Frary* v. *Sterling,* 99 Mass 461; *Reinheimer* v. *Carter,* 31 Ohio St 579; *Pierce* v. *Payne's Estate,* 28 Vt 34; *Lockwood* v. *Barnes,* 3 Hill (NY) 128; *Broadwell* v. *Getman,* 2 Denio (NY) 87; 1 Smith, Leading Cases 45 *et seq.*; Browne, Statute of Frauds (5th ed), § 286."

In the consideration of the question the following language in Pomeroy's Specific Performance of Contracts (3d ed), § 100, pp 240–242, is of interest:

"Although the equitable remedy of specific performance may, therefore, be applied to agreements embraced within the clause of the statute relating to the sale of personal property, yet the doctrine of part performance cannot be so applied. The reason is obvious. The only acts which could by possibility be a part performance, payment, or delivery and acceptance, render the contract valid and binding at law; these acts are substituted by the statute in the place of a written memorandum; and all opportunity for resorting to the equitable doctrine of part performance is thus cut off. The clause relating to contracts not to be performed within a year from the making thereof, seems by its very terms, to prevent any validating effect of part performance upon all agreements embraced within it. As the prohibition relates not to the subject matter, nor to the nature of the undertaking, but to the *time of the performance itself,* it seems impossible for any part performance to alter the relations of the parties, by rendering the contract one which, by its terms, may be performed within the year. It has, indeed, been held in some cases, that if all the stipulations on the part of the plaintiff are to be performed within a year, an action will lie for a breach of the defendant's promise, although it was not to be performed within the year, and was

not in writing. In all these cases, however, the promise of the defendant was simply for the payment of the money consideration, which might, in every instance, have been sued for and recovered upon his implied promise; and the doctrine itself has been expressly and emphatically repudiated by numerous other decisions. But even admitting this rule to its fullest extent, it can only apply to legal actions, and has nothing in common with the equitable doctrine of part performance."

The Michigan rule as to the applicability of the statute of frauds to contracts for the sale of personal property, under which there has been substantial performance, is in accord with decisions of courts in other States. In *Kelley* v. *Thompson*, 175 Mass 427, 430 (56 NE 713), the court, citing the earlier cases of *Marcy* v. *Marcy*, 9 Allen (91 Mass) 8; and *Frary* v. *Sterling*, 99 Mass 461, held that:

"An oral contract for the payment of money which is, by the terms of the contract, to be paid more than a year after the date thereof is within the statute of frauds, though the consideration therefor is delivered at the date of the contract."

The rule as generally recognized in New York is in substantial accord with *Whipple* v. *Parker, supra.* In *Tyler* v. *Windels,* 186 App Div 698, 700 (174 NYS 762), it was held that a contract not to be performed within a year was void under the New York statute, on the ground that "under the decisions in the State of New York nothing short of full performance by both parties will take the contract out of the operation of the statute. The statute, by its terms, makes such a contract, as that upon which plaintiff sues, void." This holding was affirmed by the New York court of appeals in *Tyler* v. *Windels,* 227 NY 589 (125 NE 926). The *Tyler Case* was cited with approval in *Kelly* v. *Champlain Studios, Inc.,* 223 App Div 388 (228 NYS 500). Of like import are

*Cohen* v. *Bartgis Brothers Co.,* 289 NY 846 (47 NE 2d 443); *Lyon* v. *Sheffler Merchandise Co., Inc.,* 56 NYS2d 816: *Sheehy* v. *Adarene,* 41 Vt 541 (98 Am Dec 623); *McCrillis* v. *American Heel Co.,* 85 NH 165 (155 A 410).

An extended discussion of the decisions in other States, in some of which the question arose under a statute making a contract not to be performed within a year merely unenforceable rather than void, or otherwise varying from the provisions of the Michigan act, would serve no useful purpose. We think the rule in this State must be regarded as settled by *Whipple* v. *Parker, supra,* and what was said there with reference to the right of a plaintiff who has performed under an oral contract void because repugnant to the statute is applicable to the situation presented in the case at bar, assuming that plaintiff, on trial, establishes by competent proofs that the so-called second contract on which he relies was entered into between the parties, and that it was fully performed on his part. As stated in *Winchester* v. *Brown,* 264 Mich 421, 425:

"The right to recover on the quantum meruit is restricted to cases in which the contract is void under the statute but has been fully executed by one party and the other has received the consideration and accepted the benefit."

Of like import is *Vanderhoef* v. *Parker Brothers Company, Limited,* 267 Mich 672, in which the Court referred to the recognized rule that the existence of a valid express contract excludes recovery on *quantum meruit* on an implied contract theory, and stated further (pp 680–681):

"There is, however, another rule of law that allows recovery on a *quantum meruit* theory where the plaintiff has performed services under an express agreement which is not enforceable because of the

statute of frauds or some other statute that prevents recovery on the terms of the agreement itself. *Smith* v. *Chase & Baker Piano Manfg. Co.,* 185 Mich 313. We held in *Moore* v. *Capewell Horse Nail Co.,* 76 Mich 606, that there was no objection to permitting proof of the contract for the purpose of showing the value placed upon plaintiff's services by the parties. See, also, *Cadman* v. *Markle,* 76 Mich 448 (5 LRA 707). A contract, though void under the statute, may be admissible if helpful in estimating damages. *Kutzner* v. *Stuart,* 215 Mich 270.

"A consideration of these 2 rules leads us to the conclusion that when the terms of an express contract, unenforceable because of the statute of frauds, are in dispute, a recovery can be had under the common counts on the theory and under the condition that the jury first determine: (1) that the contract alleged by plaintiff actually was made; and (2) that the terms were such as are alleged, and (3) that the contract has been fully executed by one party and the other has received the benefits. *Winchester* v. *Brown,* 264 Mich 421."

The trial court was not in error in transferring the cause to the law side.* As before noted, the order allowed the parties to make necessary and proper amendments to their pleadings in order to present the issues involved. It follows that the trial court was correct in denying defendant's motion to dismiss, and in permitting plaintiff to amend his pleading in order to set forth more specifically certain facts that may be material in the final disposition of the matter. This disposes of defendant's cross appeal. It is unnecessary to consider plaintiff's objections thereto.

The orders of the trial court are affirmed, and the cause is remanded for further proceedings, subject, however, to the modification that plaintiff may

---

* See CL 1948, § 611.2 (Stat Ann § 27.652).—REPORTER.

have 15 days from and after such remand in which to file amended pleadings, and the defendant a like period of time for such purpose.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, KELLY, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.