NAHAN v PIEPRZAK

1. FRAUDS, STATUTE OF—INTEREST IN LAND—SALES COMMISSION.

A retainer agreement which bound defendant's father to pay a commission to plaintiff attorney for handling the sale of interest in real estate did not bind the defendant where the defendant never signed the agreement, even though the defendant was one of the grantees to whom the father later conveyed the land and the agreement purported to bind the assignees of the defendant's father, because such an agreement must be signed by the defendant to satisfy the statute of frauds (MCLA 566.132[5]).

2. CONTRACTS—QUANTUM MERUIT.

No recovery on a *quantum meruit* basis can be allowed where the defendant never received or accepted any benefits from plaintiff's performance.

3. CONTRACTS—QUANTUM MERUIT—STATUTE OF FRAUDS.

No recovery on the theory of *quantum meruit* can be had for services performed under an agreement which is void under the statute of frauds (MCLA 566.132[5]).

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 March 14, 1972, at Detroit. (Docket No. 11331.) Decided April 26, 1972.

Complaint by John B. Nahan against William Pieprzak for breach of contract and for recovery *quantum meruit* in district court. Judgment for defendant. Plaintiff appealed to circuit court. Affirmed. Plaintiff appeals by leave granted. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 49 Am Jur, Statute of Frauds § 265.
[2, 3] 17 Am Jur 2d, Contracts § 344.

*John B. Nahan, in propria persona.*

*Myles H. Knowles,* for defendant.

Before: R. B. Burns, P. J., and Holbrook and Quinn, JJ.

Quinn, J. On leave granted, plaintiff appeals from a circuit court judgment which affirmed the district court judgment of no cause of action.

In the fall of 1964, certain owners of land in the Puttygut gas field, Casco Township, St. Clair County, spoke to plaintiff about representing them in negotiations with Consumers Power Company. The latter was purchasing gas storage rights in the area, and plaintiff was an experienced attorney in gas storage litigation. Plaintiff prepared a "retainer agreement" which defendant's father signed May 25, 1965. Among other provisions, the "retainer agreement" contained the following:

"I/We, the undersigned, being owner(s) of lands located in Sections 11, 12, 13, 14 and/or 15 of Casco Township, St. Clair County, Michigan, underlying which lands are geologic formations which contain gas or are extensions of gas-bearing formations, which underlying formations collectively are hereinafter referred to as the Puttygut Gas Storage Reservoir, meaning thereby all the Salina-Niagaran formations located in said sections which are useful for the storage of gas, do hereby make, constitute, and appoint John B. Nahan, a practicing attorney of Allegan, Michigan, as my/our attorney to represent me/us in respect to my/our interests in my/our lands as aforesaid and to act for me/us and to represent me/us as my/our attorney for the purpose of selling my/our interests in my/our lands as above described, which may be required or useful for the storage of gas, to Consumers Power Company or to any other utility or business organization interested in purchasing interests in my/our land for the storage of gas.

"William Pieprzak is hereby appointed 'signatory' for me/us and shall cast his/her vote for me/us as aforesaid according only to his/her discretion and shall bind me/us, my/our heirs, administrators, and assigns irrevocably and shall receive all advices and/or notices from my/our said attorney as provided herein.

"This retainer agreement shall be binding upon me/us and my/our heirs, executors, administrators, and assigns, and shall remain in effect and be irrevocable until October 31, 1969, or until the termination of any legal proceedings affecting my/our lands in respect to the gas storage value thereof, whichever date is later."

The "retainer agreement" also gave plaintiff power of attorney to employ co-counsel, hire experts, sign documents, and, in general, to take action necessary to further the purpose of the agreement, all subject to instructions from a committee of the landowners. Decisions of the committee could in turn be vetoed by two-thirds of all the landowners signing the agreement. Plaintiff's compensation was to be one-tenth of the amount received for the sale of interests in land overlying the Puttygut Gas Storage Reservoir.

Shortly before his death in 1966, Walter Pieprzak deeded his property in the Puttygut field to six of his seven children, including defendant. Plaintiff eventually consummated a sale for the landowners to Consumers Power Company, and defendant's five brothers and sisters were among the landowners who paid plaintiff for his performance. Although plaintiff made demand on defendant for payment, defendant refused to pay.

Plaintiff's complaint sought recovery on the "retainer agreement" and on a count in *quantum meruit.* Plaintiff presents the following issues on appeal:

"Whether the appellee was bound to the contract

between the appellant and appellee's father by reason of the conveyance of the father's land to appellee.

"Whether the appellant performed services for and on behalf of the appellee worth the amount claimed."

Plaintiff cites no authority in support of his contention that defendant is bound by a contract signed by his father. Plaintiff reasons that defendant is bound because the father conveyed the land to defendant and other members of the family and defendant was an "assign" of his father and was bound by the terms of the "retainer agreement". An insurmountable hurdle that this argument cannot clear is the statute of frauds, MCLA 566.132(5); MSA 26.922(5). The "retainer agreement" bound defendant's father to pay a commission on sale of interest in real estate. Defendant never signed this agreement, and the statute of frauds bars recovery, *Krause v Boraks,* 341 Mich 149 (1954).

As to the claim on *quantum meruit,* defendant never received or accepted any benefits from plaintiff's performance. A necessary element for recovery on the theory of *quantum meruit* was lacking, *Ordon v Johnson,* 346 Mich 38, 48 (1956). Further, no recovery on the theory of *quantum meruit* can be had for services performed under an agreement that is void under the statute of frauds, *Krause, supra.*

Affirmed with costs to defendant.

All concurred.