ASSOCIATION OF HEBREW TEACHERS v JEWISH WELFARE
FEDERATION

1. Appeal and Error—Consideration of Issues—Concessions by
    Counsel—Duration of Contract.

    An appellate court may not treat an issue as if it were open for
    consideration where it has been eliminated by counsel through
    concession; therefore, a plaintiff who has conceded in his trial
    brief that a contract was one for a three-year period is bound
    by that concession and is precluded from challenging the
    contract's duration on appeal.

2. Frauds, Statute of—Requirements of Writing—Certainty of
    Terms—Parol Evidence.

    A writing, to be sufficient to comply with the statute of frauds,
    must contain all of the essential terms of the contract with the
    degree of certainty which would obviate any necessity for parol
    evidence; therefore, a letter from a defendant charitable orga-
    nization to the plaintiff labor union failed to comply with the
    statute of frauds where the letter merely confirmed recognition
    of a "moral commitment" to members of the labor union, with
    no indication of what action was contemplated and any judicial
    finding of a contract would be entirely speculative and depen-
    dent on extrinsic proofs (MCLA 566.132).

3. Estoppel—Promissory Estoppel—Equitable Remedies—Injus-
    tice.

    Application of the doctrine of promissory estoppel is based on the
    particular factual circumstances of a case, and as an equitable
    remedy is employed to alleviate an injustice resulting from
    strict adherence to established legal principles.

4. Contracts—Estoppel—Promissory Estoppel—Enforcement of
    Promise.

    A promise is enforceable under the concept of promissory estop-

References for Points in Headnotes
[1] 5 Am Jur 2d, Appeal and Error §§ 711, 712.
[2] 73 Am Jur 2d, Statute of Frauds § 589.
    Statute of frauds and conflict of laws, 47 ALR3d 137.
[3–5] 28 Am Jur 2d, Estoppel and Waiver §§ 48, 49.

pel where there is a promise that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, which in fact produced reliance or forbearance of that nature, in circumstances such that the promise must be enforced if injustice is to be avoided.

5. ESTOPPEL—PROMISSORY ESTOPPEL—CONTRACTS—ORAL AGREEMENT—ENFORCEABLE OBLIGATION—SPECULATION.

Application of the doctrine of promissory estoppel to prevent a defendant from avoiding the consequences of an oral agreement is inappropriate in a case where the pleadings, affidavits, arguments, and briefs disclose no legally enforceable obligation of the defendant and it is unclear what the defendant promised the plaintiff; any award by the court in these circumstances would be entirely speculative.

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 February 12, 1975, at Detroit. (Docket No. 19984.) Decided June 10, 1975.

Complaint by the Association of Hebrew Teachers of Metropolitan Detroit against the Jewish Welfare Federation of Detroit for specific performance of an oral contract and for damages. Accelerated judgment for defendant. Plaintiff appeals. Affirmed.

*Fieger, Golden & Cousens,* for plaintiff.

*Friedman, Meyers & Keys* (by *Steven J. Fishman* and *M. David Vaughn),* for defendant.

Before: V. J. BRENNAN, P. J., and D. E. HOLBROOK, JR. and O'HARA,\* JJ.

D. E. HOLBROOK, JR., J. Plaintiff brought suit against defendant for specific performance of an alleged oral contract and damages. Defendant

---

\* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

moved for accelerated judgment contending plaintiff's claim to be barred because of the statute of frauds. The trial court granted defendant's motion and plaintiff appeals as of right.

Plaintiff is a labor organization, affiliated with the American Federation of Teachers, AFL-CIO, representing Hebrew teachers employed by the United Hebrew Schools of Metropolitan Detroit (hereinafter referred to as United). United is a non-profit corporation which operates educational facilities. Defendant is a charitable organization formed to collect and distribute funds in the Jewish community of metropolitan Detroit. While United and defendant are separate legal entities, defendant provides United with substantial financial support for its operation and programs.

In September, 1972, plaintiff, as exclusive bargaining agent for United's classroom teachers, was engaged in collective bargaining negotiations with United. When an impasse arose in the negotiations, the teachers went on strike. In an effort to alleviate the impasse, a representative of defendant met with the negotiators.

Plaintiff contends defendant promised to: (1) Review the decision to close the two branch schools, providing plaintiff with an opportunity to participate in the discussions; (2) Attempt to absorb the teachers' extra teaching hours in other branches; or, in the alternative, (3) Negotiate a financial settlement compensating those affected over the duration of the collective bargaining agreement (3 years) including an assurance of continued full pension plan contributions. Plaintiff further claims that upon receiving these alleged pledges by a representative of defendant, plaintiff advocated the cessation of the strike, whereupon it terminated.

When the defendant failed to accommodate the association or attempt to settle the economic impact of the discontinuation of the teaching programs and closing of the branches, the instant suit was commenced.

On appeal plaintiff asserts: (1) That the alleged agreement was capable of being performed within one year and therefore the statute of frauds is inapplicable; (2) That there existed a sufficient memorandum signed by the agent of the party to be charged and therefore the statute was complied with; and (3) That the doctrine of equitable estoppel should be invoked so as to estop defendant from avoiding the consequences of any oral agreement.

Until this appeal, plaintiff never contested that the alleged oral contract was to exceed one year. In fact, in plaintiff's trial brief opposing the motion plaintiff stated:

"Plaintiff concedes that the contract is one for a three-year period."

Plaintiff is bound by its concession of the contract's duration and is now precluded from challenging this aspect of the case on appeal. Where counsel eliminates an issue through concession, an appellate court may not treat the matter as if it were open for consideration. *In re Reh's Estate,* 196 Mich 210, 216; 162 NW 978, 979 (1917). Particularly is this so when such appellate positions are predicated on an entirely contrary theory from that advanced below. *Howland v Local Union 306, UAW-CIO,* 331 Mich 644, 649; 50 NW2d 186, 189 (1951). Hence, this Court's decision is premised on plaintiff's concession that the contract was to extend over a three-year period.

MCLA 566.132; MSA 26.922 provides as follows:

"In the following cases specified in this section, every agreement, contract and promise shall be void, unless such agreement, contract or promise, or some note or memorandum thereof be in writing and signed by the party to be charged therewith, or by some person by him thereunto lawfully authorized, that is to say:

"1. Every agreement that, by its terms, is not to be performed in 1 year from the making thereof; * * * ."

By plaintiff's own admission the contract was not to be performed in one year from the making thereof.

We therefore come to the question as to whether there was some note or memorandum thereof in writing signed by the party to be charged or by some person lawfully authorized by defendant.

Plaintiff claims that the following letter, typed on United's stationery and signed by the president of United, as an agent for the defendant, constituted a sufficient memorandum of the contractual arrangement to bind the defendant.

"February 2, 1973
"Association of Hebrew Teachers of
Metropolitan Detroit
28330 Lahser
Southfield, Michigan 48076
"Gentlemen:

"In confirmation of our conversation at the office of the AFL-CIO on Friday, February 2, 1973, we wish to confirm the following:
"The United Hebrew Schools recognizes a moral commitment to mitigate the economic impact upon the 20 hour teachers of the closing of the Cohn and Borman Schools and the elimination of the second session.

"Very truly yours,
"Norman D. Katz,
President"

Although the complaint did not allege that there was an agency relationship between United and the defendant but only claimed a contract with defendant, plaintiff argued the agency relationship at the accelerated judgment hearing.

Assuming, *arguendo,* that plaintiff properly and timely raised and argued the agency relationship, as well as established its existence, there would still remain the issue of whether or not the letter embodied the requisite terms to satisfy the statute of frauds. In *Commercial Factors Corp v Zephyr Awning Corp,* 353 Mich 251, 256–259; 91 NW2d 511, 514–515 (1958), the Court discussed the rules for determining the sufficiency of a memorandum to comply with the statute of frauds. Basically, such a writing must contain all of the essential terms of the contract with the degree of certainty which would obviate any necessity for parol evidence. There should be no cause for inquiring beyond the writing to identify the terms and conditions of the agreement.

In the case at bar, the sole statement that there was recognition of a moral commitment did not rise to the level of a legal obligation. What a "moral commitment" might encompass is indeterminable; the letter is so amorphous as to provide no indication of what action was contemplated. Any judicial finding of a contract based on such a memorandum would be entirely speculative and dependent upon extrinsic proofs.

Plaintiff's final contention, that the court should invoke the doctrine of equitable estoppel to prevent defendant from avoiding the consequences of any oral agreement, is equally without merit. Plaintiff argues that it urged its membership to

terminate the work stoppage in reliance on defendant's promises and that by concluding the lawful strike the plaintiff relinquished a powerful economic tool and tactical advantage for increasing its leverage in the collective bargaining negotiations.

Despite the fact that the doctrine of equitable estoppel or promissory estoppel is not of recent vintage but a recognized common-law rule, there exists a very limited source of Michigan authority. See *e.g., Oxley v Ralston Purina Co,* 349 F2d 328 (CA 6, 1965), *Pursell v Wolverine-Pentronix, Inc,* 44 Mich App 416; 205 NW2d 504 (1973), *In re Timko Estate,* 51 Mich App 662; 215 NW2d 750 (1974), *The Vogue v Shopping Centers, Inc,* 58 Mich App 421; 228 NW2d 403 (1975).

Application of the doctrine of promissory estoppel is based on the particular factual circumstances; as an equitable remedy, it is employed to alleviate an unjust result of strict adherence to established legal principles. The Court in *In re Timko Estate, supra* at 666, set forth the following statement concerning the doctrine:

"In order for a promise to be enforceable under the concept of promissory estoppel, there must be a (1) promise that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, (2) which in fact produced reliance or forbearance of that nature, (3) in circumstances such that the promise must be enforced if injustice is to be avoided. 1 Restatement of Contracts, § 90, p 110."

The inherent difficulty in attempting to apply these criteria to the case at bar arises out of the nature of the alleged promise. In plaintiff's complaint, during the arguments relating to the mo-

tion for accelerated judgment, and on appeal, plaintiff has claimed that the defendant's contractual undertaking consisted of the following pledges:

"(a) That soon after the signing of the Collective Bargaining Agreement, the Education Committee of the JEWISH WELFARE FEDERATION would review the question of the United Hebrew School Board's decision to close the Cohn and Borman branches and the elimination of the second session, and that Representatives of the association would be invited to state their views fully and participate in such deliberations.

"(b) That should the Education Committee, after a full review of the matter, uphold the United Hebrew School Board's decision to close said branches, the following would take place:

"(1) The United Hebrew Schools would attempt to make up the hours lost to the 20-hour teachers as a result of the closing of the second session.

"(2) In case the United Hebrew Schools is not able to find such additional hours in the United Hebrew Schools, the JEWISH WELFARE FEDERATION would confer with representatives of the ASSOCIATION OF HEBREW SCHOOL TEACHERS to arrive at a satisfactory financial settlement, taking into account the long-range economic impact to the affected 20-hour teachers as a result of the closing of the second session.

"(3) The JEWISH WELFARE FEDERATION would continue to make its contribution to the pension plan of the 20-hour teachers as if they would continue to be 20-hour employed teachers in the United Hebrew Schools."

Due to the indefiniteness and uncertainty of defendant's actual obligation, it is unclear what defendant promised plaintiff. The gist of the alleged agreement was that defendant promised to negotiate and possibly provide some financial support in the event a satisfactory compromise could not be reached with United. Plaintiff is not assert-

ing that defendant participated as a guarantor securing a status quo for plaintiff's membership with respect to hours of employment and salary but that defendant promised to help offset any economic impact if possible.

As there is no specificity in the alleged promise, any award by the Court would be entirely speculative. Consequently, invocation of the doctrine of promissory estoppel would be inappropriate. The pleadings, affidavits, arguments, and briefs, being assumed truthful, disclose no legally enforceable obligation of the defendant. Thus, the avoidance of hardship and effecting of justice would not be achieved through an application of the doctrine of equitable estoppel.

Affirmed. Costs to appellee.