MESHRIY v SUN OIL COMPANY

1. APPEAL AND ERROR—BRIEFS—ABANDONMENT OF ISSUES.

    Any issues which are neither raised nor briefed on appeal are considered abandoned.

2. CONSTITUTIONAL.LAW—DUE PROCESS OF LAW—TRIAL.

    Due process of law requires a fair trial and a fair determination of a controversy.

3. TRIAL—TRIAL JUDGES—PREJUDICE—APPEAL AND ERROR.

    Actual proof of claimed prejudice must be shown when an appellate court is reviewing the activities, whether judicial or nonjudicial, of a trial judge, and when none is forthcoming the appellate court must find that no violation of due process has occurred; where an appellant claims to have been prejudiced by a letter sent to and read by the trial judge but the appellant has failed to show that the trial judge was influenced by anything other than the evidence duly entered on the record, no violation of due process has occurred.

Appeal from Macomb, Frank E. Jeannette, J. Submitted January 8, 1976, at Lansing. (Docket No. 24198.) Decided March 9, 1976. Leave to appeal applied for.

Complaint by William Meshriy and Mursell Meshriy, his wife, against Sun Oil Corporation seeking reformation of a lease. Plaintiffs' motion for a new trial, made after trial but prior to judgment, was granted. The trial court later vacated the order for a new trial, *sua sponte,* and entered a judgment of no cause of action in favor of the defendant. Plaintiffs appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 686.

[2] 16 Am Jur 2d, Constitutional Law §§ 548, 549, 572, 582.

[3] 4 Am Jur 2d, Appeal and Error §§ 182–185.

*Robert J. Lord,* for plaintiffs.

*Robert E. Childs,* for defendant.

Before: DANHOF, P. J., and V. J. BRENNAN and M. J. KELLY, JJ.

DANHOF, P. J. On April 17, 1968, the plaintiffs brought the present action seeking reformation of a lease that they entered into with the defendant. Subsequent to the trial, but before judgment was entered in this matter, the plaintiffs filed a motion for a new trial on January 29, 1973. The motion was granted by the trial court in an order filed May 14, 1973. However, on November 1, 1973, the trial court vacated the above order *sua sponte* and entered a judgment of no cause of action as to the plaintiffs. The plaintiffs then made a second motion for a new trial, which was denied by the trial court on April 21, 1975.

The plaintiffs next moved the trial court pursuant to GCR 1963, 812.2(a) to permit the plaintiffs to transmit less than the full transcript of testimony on appeal. In the motion, the plaintiffs stated they would appeal from the order denying their second motion for a new trial. Further, the plaintiffs indicated they would limit the appeal to three questions. Finally, only those transcripts subsequent to the plaintiffs' first motion for a new trial were requested for this appeal.[1] The trial

---

[1] The plaintiffs stated that "the only possible transcripts of hearings pertinent, material and necessary for review" were as follows:

"the transcripts of hearings subsequent to the plaintiffs' first motion for a new trial upon federal due process grounds filed on January 29, 1973, particularly (a) the hearing on April 16, 1973 when the Court granted the plaintiffs' motion for a new trial and dictated the reasons therefor, (b) the hearing on November 19, 1973 when judgment was entered in the defendant's favor over the plaintiffs' objections, and (c) the hearing on January * * * [20], 1975 when the Court denied plaintiffs' second motion for a new trial on federal due process grounds and dictated the reasons therefor." Plaintiffs' motion, filed May 8, 1975.

court granted the plaintiffs' motion for the record on appeal.

The plaintiffs have raised three issues on appeal.[2] For obvious reasons, responding to the third issue answers the first two. Any issues not expressly abandoned on appeal by the above actions of the plaintiffs will be considered abandoned in any event because plaintiffs have neither raised nor briefed and supported further issues. *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959). See also *Opal Lake Association v Michaywé Limited Partnership,* 47 Mich App 354, 366; 209 NW2d 478 (1973), and *Taylor v Klahm,* 40 Mich App 255, 269; 198 NW2d 715 (1972).

Concisely stated, the issue raised is whether the trial court was so prejudiced by a witness's letter, which was critical of the court, that the plaintiffs were thereby denied a fair trial in a fair tribunal as required by due process of law.

---

[2] The issues raised on appeal are stated by the plaintiffs as follows:

I.

"Is a state trial court proceeding subject to the reach and force of the Due Process Clause of the 14th Amendment to the United States Constitution?

II.

"Did the plaintiffs-appellants present and save a substantial federal claim and question for review?

III.

"Did the trial judge deprive plaintiffs-appellants of a fair trial in a fair tribunal, as guaranteed by the 14th Amendment, when he first entered an order granting them a new trial upon a due process motion therefor prior to any opinion or judgment on the merits, and then (a) received and entertained without notice a witness' letter of complaint and accusation so disparaging against the judge for granting a new trial as to make him an interested party, (b) then entered an order adjourning trial until the next trial call after expressing ambiguous concern about said letter to counsel in chambers without disclosing contents thereof, and (c) then without notice, trial, motion or any hearing on the merits subsequent to the said order granting a new trial, the accused Judge *sua sponte* filed an opinion permitting judgment to be entered against plaintiffs-appellants as pleaded by said witness in his said complaining and accusatory extrajudicial letter?"

Due process of law requires a fair trial and a fair determination of the controversy. *Napuche v Liquor Control Commission,* 336 Mich 398; 58 NW2d 118 (1953), *Milford v People's Community Hospital Authority,* 380 Mich 49; 155 NW2d 835 (1968).

As to the showing required on review, *Wayne County Prosecutor v Doerfler,* 14 Mich App 428, 441; 165 NW2d 648 (1968) stated:

"An appellate court must demand actual proof of claimed prejudice when reviewing the non-judicial activities of a judge, and when none is forthcoming that court must find that no violation of due process has occurred."

*Irish v Irish,* 59 Mich App 635, 639; 229 NW2d 874 (1975), indicates that actual proof of claimed prejudice must also be shown "where the judicial activities of a judge are involved".

A review of those transcripts requested by the plaintiffs for this appeal fails to show any proof of the claimed prejudice on the part of the trial judge as a result of the letter. Quite the contrary, the trial judge consistently maintained that his decision to set aside the order granting the plaintiffs' motion for a new trial and enter a judgment for the defendant was based upon his finding from the testimony that the plaintiffs had failed to carry the burden of proof. As the plaintiffs have failed to show that the trial judge was influenced by anything other than the evidence duly entered on the record, we find no violation of due process has occurred.

Affirmed. We do find, however, that the unfortunate delay below was not attributable to either party and we therefore decline to award costs.