McMATH v FORD MOTOR COMPANY

1. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—PLEADINGS—UNEN-
FORCEABLE CLAIMS—FACTUAL DEVELOPMENT.

A motion for summary judgment for failure to state a claim upon
which relief can be granted is considered on the pleadings
alone with every well-pleaded allegation accepted as true; the
motion should be granted only where the plaintiff's claims are
so clearly unenforceable as a matter of law that no factual
development can possibly justify a right to recovery (GCR 1963,
117.2[1]).

2. CONTRACTS—EMPLOYMENT—ORAL MODIFICATIONS—STATUTE OF
FRAUDS.

An employment contract, written or oral, may be orally modified;
but if the contract as modified is not to be performed within
one year from the date made, it is void unless in writing and
signed by the party to be charged therewith (MCLA 566.132[1];
MSA 26.922[1]).

3. CONTRACTS—PART PERFORMANCE—EQUITY—LAND CONTRACTS—
CONTRACTS FOR EMPLOYMENT.

The part performance doctrine which may be asserted in equity
to remove a land transaction from the applicability of the
statute of frauds may not be applied in Michigan to contracts
of employment for more than one year.

4. ESTOPPEL—PROMISSORY ESTOPPEL—ELEMENTS—STATUTE OF FRAUDS.

The elements of promissory estoppel are (1) a promise, (2) that
the promisor should reasonably have expected to induce action
of a definite and substantial character on the part of the
promisee, (3) which in fact produced reliance or forbearance of

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment §§ 12–19.
[2] 53 Am Jur 2d, Master and Servant §§ 19, 23.
[3] 77 Am Jur 2d, Vendor and Purchaser §§ 4, 5.
[4, 5] 28 Am Jur 2d, Estoppel and Waiver §§ 48, 49.
    Promissory estoppel as basis for avoidance of statute of frauds. 56
    ALR3d 1037.
[6] 53 Am Jur 2d, Master and Servant §§ 17, 27, 34.

that nature, (4) in circumstances such that the promise must be enforced if injustice is to be avoided; promissory estoppel, if established, can be invoked to defeat the defense of the statute of frauds (MCLA 566.132[1]; MSA 26.922[1]).

5. Estoppel—Promissory Estoppel—Definite Promise—Reliance.

  A promise must be definite and clear to be sufficient to support an estoppel; where a plaintiff's allegations do not support a promise definite enough to justify his reliance, the doctrine of estoppel cannot be invoked.

6. Contracts—Employment—Termination at Will—Distinguishing Provisions—Circumstances of Termination.

  Oral contracts of employment are generally indefinite hirings terminable at the will of either party in the absence of distinguishing provisions or consideration; circumstances surrounding an employee's termination by his employer are not features of the employment contract and may not properly be asserted to support a claim that an oral employment contract was not intended to be terminable at will.

Appeal from Wayne, John H. Hausner, J. Submitted June 15, 1977, at Detroit. (Docket No. 30164.) Decided August 23, 1977.

Complaint by Robert McMath against Ford Motor Company seeking damages for wrongful discharge from employment and for breach of an employment contract. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Charfoos & Charfoos,* P. C. (by *J. Douglas Peters),* for plaintiff.

*Harvey, Kruse & Westen,* P. C. (by *John A. Kruse* and *Michael F. Schmidt),* for defendant.

Before: R. M. Maher, P. J., and N. J. Kaufman and F. J. Borchard,* JJ.

Per Curiam. Plaintiff brought this action for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

wrongful discharge from employment. In 1954, plaintiff was hired by defendant Ford Motor Company as a copilot. By 1969 he had been promoted to chief pilot. During the same time, plaintiff rose to the rank of brigadier general in the Air National Guard. He resigned from the National Guard in 1970.

Plaintiff claims that his resignation from the National Guard was due to the urging of defendant after plaintiff had been promoted to chief pilot. He claimed that he resigned after assurances from defendant that he need not worry about the income he would lose by leaving the Guard because defendant would take care of him and he would have no future economic worries.

After receiving an anonymous letter in January, 1972, charging plaintiff with certain improprieties, defendant conducted an investigation of plaintiff. In March, 1972, plaintiff's employment was terminated. Plaintiff claims he had great difficulty in finding another suitable position upon leaving defendant's employ and finally had to settle for a position paying 25 percent of his prior income, with no secondary benefits.

The trial court granted defendant's motion for summary judgment based on GCR 1963, 117.2(1), failure to state a claim upon which relief can be granted. The standard for review of a summary judgment based on that rule is well established. A motion based on subsection 1 challenges the legal sufficiency of the plaintiff's claim and is to be considered by an examination of the pleadings alone. Every well-pleaded allegation must be accepted as true. The test is whether plaintiff's claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Borman's Inc v Lake State*

*Development Co,* 60 Mich App 175; 230 NW2d 363 (1975).

The original contract between plaintiff and defendant was an employment agreement for an indefinite term, that is, an agreement at will which could be terminated at any time by either party for any reason. *Lynas v Maxwell Farms,* 279 Mich 684, 273 NW 315 (1937), *Adolph v Cookware Co of America,* 283 Mich 561; 278 NW 687 (1938), *Hernden v Consumers Power Co,* 72 Mich App 349; 249 NW2d 419 (1976). Plaintiff claims he never signed any employment agreement and that the signature on the document produced by defendant is a forgery. On review of a motion for summary judgment, we must accept plaintiff's allegation as true. It is necessary, then, to examine the oral agreement of 1970, as alleged in the pleadings, to ascertain if plaintiff and defendant entered into a new agreement or if they modified an existing agreement. In either situation, our analysis is the same.

A contract, written or oral, may be orally modified. *Chatham Super Markets, Inc v Ajax Asphalt Paving, Inc,* 370 Mich 334; 121 NW2d 836 (1963). However, if the contract as modified is not to be performed within one year from the date made, it is void unless in writing and signed by the party to be charged therewith. MCLA 566.132(1); MSA 26.922(1). The statute of frauds has been held by this Court to be applicable to contracts for employment. *Pursell v Wolverine-Pentronix, Inc,* 44 Mich App 416; 205 NW2d 504 (1973). Whether the 1970 contract was a new agreement or modification of an old one, it was not to be performed within a year. Thus, the contract in the present case is caught by the statute of frauds and is unenforceable.

Plaintiff contends, however, that the contract at issue is an exception to the statute. His first argument, that the part performance doctrine makes the statute inapplicable, is of no merit. While it is true, in equity, that land transactions are taken out of the statute of frauds if there has been partial performance of the contract, the part performance doctrine does not apply in Michigan to contracts of employment for more than one year. *Whipple v Parker,* 29 Mich 369 (1874).

Plaintiff also argues that under a theory of promissory estoppel the alleged oral contract of 1970 is not subject to the statute of frauds. Promissory estoppel, if established, can be invoked to defeat the defense of the statute of frauds. 3 Williston on Contracts (3d ed), § 553A, p 796. The elements of promissory estoppel are (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, (3) which in fact produced reliance or forbearance of that nature, (4) in circumstances such that the promise must be enforced if injustice is to be avoided. *In re Timko Estate,* 51 Mich App 662; 215 NW2d 750 (1974), *The Vogue v Shopping Centers, Inc,* 58 Mich App 421; 228 NW2d 403 (1975), *Association of Hebrew Teachers of Metropolitan Detroit v Jewish Welfare Federation of Detroit,* 62 Mich App 54; 233 NW2d 184 (1975).

Plaintiff's complaint in the instant case alleged:

"That some two years prior to the date of his firing on the request of one or more of his superiors, he did resign from the Air National Guard, at which time he was a Major General.

"a. That his superiors came to him and asked him to resign so that he could give his full allegiance to the Ford Motor Company.

"b. That he was informed that he need not worry about the extra income he would make from the Air National Guard because Ford Motor Company would take good care of him and he had no future worries economically.

"c. That to his detrimental reliance, plaintiff reasonably relied on the representations of his superiors and did, in fact, resign from the Air National Guard."

To be sufficient to support an estoppel, a promise must be definite and clear. *Cf. Association of Hebrew Teachers v Jewish Welfare Federation, supra,* in which a promise to negotiate and possibly provide some financial support was held to be too indefinite to impose a legal obligation on defendant.

"Due to the indefiniteness and uncertainty of defendant's actual obligation, it is unclear what defendant promised plaintiff * * * .

"As there is no specificity in the alleged promise, any award by the Court would be entirely speculative. Consequently, invocation of the doctrine of promissory estoppel would be inappropriate. The pleadings, affidavits, arguments, and briefs, being assumed truthful, disclose no legally enforceable obligation of the defendant. Thus, the avoidance of hardship and effecting of justice would not be achieved through an application of the doctrine of equitable estoppel." 62 Mich App at 61–62.

Similarly, the allegations here, even when taken as true, lack the required specificity as to what defendant said or did that led plaintiff to rely to his detriment. Plaintiff's allegations do not support a promise definite enough to justify his reliance. Because of this lack of specificity, the doctrine of estoppel cannot be invoked.

Next plaintiff contends that "distinguishing features" in the alleged oral contract of 1970 make the contract enforceable, an exception plaintiff bases on language found in *Lynas v Maxwell,*

*supra.* That case states: "In general it may be said that in the absence of distinguishing features or provisions or consideration in addition to the services to be rendered, such contracts are indefinite hirings terminable at the will of either party." 279 Mich 687. *Lynas* does support the theory that distinguishing features will remove a contract from application of the general rule that contracts for permanent employment or for life are terminable at the will of either party.

As distinguishing features the plaintiff points to (1) his detrimental reliance on defendant's assurances of future economic security; (2) defendant's forgery of plaintiff's signature on the express terminable-at-will employment agreement; (3) defendant's termination of an "ideal" employee; (4) defendant's investigation of the plaintiff; (5) defendant's gross and unnecessary publication of the anonymous letter. We conclude these features enumerated by the plaintiff are not distinguishing features within the meaning of *Lynas.* In fact, most are not features of the contract at all. They are alleged circumstances surrounding the termination of plaintiff's employment by defendant and do not support a cause of action on the oral contract.

Because plaintiff failed to brief his other issues on appeal, they are considered abandoned. *Mitcham v Detroit,* 355 Mich 182; 94 NW2d 388 (1959), *Meshriy v Sun Oil Co,* 67 Mich App 709; 242 NW2d 497 (1976).

Accepting as true all the well-pleaded facts in plaintiff's complaint, *Borman's Inc v Lake State Development Co, supra,* we agree with the trial court that plaintiff's claims are unenforceable as a matter of law. Summary judgment for defendant was proper.

Affirmed.