LOVELY v DIERKES

Docket No. 67776. Submitted October 12, 1983, at Lansing.—Decided March 5, 1984.

Steven Lovely brought an action in Jackson Circuit Court alleging breach by J. Michael Dierkes and The Real Food Company of an employment contract. Plaintiff alleged that defendant Dierkes had offered plaintiff a three year employment contract with defendant company at a salary of $400 per week, plus a percentage interest in defendant company which would increase with each year of employment, that in reliance on that promise plaintiff had quit the two jobs he had in Ann Arbor and had moved his family to Jackson where the new job was located. Plaintiff further alleged that defendant Dierkes had promised to reduce the oral contract to writing but never did and, despite an agreement that plaintiff would not be discharged without good cause, had discharged plaintiff after only two months of employment. Defendants moved for summary judgment on the basis of the statute of frauds. The trial court, James G. Fleming, J., granted defendants' motion, holding that defendants were not equitably estopped from pleading the statute of frauds. Plaintiff appeals. *Held:*

1. Since the oral contract of employment was for a period of three years, it falls within the provisions of the statute of frauds and is not enforceable unless it is determined that defendants should be estopped on equitable grounds from pleading the statute of frauds.

2. Promissory estoppel is available where: (1) there is a promise, (2) the promisor should reasonably have expected the promisee to be induced to take some definite and substantial act of forbearance or reliance on the basis of the promise, (3) the promisee does, in fact, undertake such definite act in

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 28 Am Jur 2d, Estoppel and Waiver § 48.
73 Am Jur 2d, Statute of Frauds § 565 *et seq.*
Promissory estoppel. 48 ALR2d 1069.
[2] 72 Am Jur 2d, Statute of Frauds § 34.
[4] 73 Am Jur 2d, Statute of Frauds § 563.
[5] 73 Am Jur 2d, Statute of Frauds § 605.

reliance upon the promisor's promise, and (4) injustice will be avoided only if the promise is enforced.

3. While plaintiff's termination of his prior employment, by itself, would not be sufficient to establish the reliance element necessary to establish the right to invoke promissory estoppel, the termination of his prior employment, coupled with the fact that he relocated his family and was promised an ownership interest in the business and a written contract, is sufficient to establish the right to raise promissory estoppel as a bar to the application of the statute of frauds in this case.

Reversed and remanded.

W. R. Peterson, J., dissented. He would hold that promissory estoppel is available to plaintiff only upon a showing of unjust enrichment to defendants or an unconscionable injury to himself if the defendants are able to rely on the statute of frauds. Since plaintiff has failed to plead facts which would support a finding of an unconscionable injury, as opposed to merely the injustice occasioned by the loss of the contractual bargain which is implicit in any application of the statute of frauds, plaintiff is not entitled to assert the doctrine of promissory estoppel. He would hold that the trial court, accordingly, did not err in granting summary judgment in favor of defendants. He would affirm.

### Opinion of the Court

1. Estoppel — Promissory Estoppel — Statute of Frauds.

> The elements of promissory estoppel are (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, (3) which in fact produced reliance or forbearance of that nature, (4) in circumstances such that the promise must be enforced if injustice is to be avoided; promissory estoppel, if established, can be invoked to defeat the defense of the statute of frauds (MCL 566.132[a]; MSA 26.922[a]).

2. Estoppel — Promissory Estoppel — Statute of Frauds — Employment Contracts.

> The termination of one's prior employment alone is insufficient to establish the element of reliance necessary to invoke the doctrine of promissory estoppel and thereby bar the application of the statute of frauds with respect to a claim of breach of an oral employment contract which is not capable of being completed in less than one year.

3. ESTOPPPEL — PROMISSORY ESTOPPEL — STATUTE OF FRAUDS — EMPLOYMENT CONTRACTS — SUFFICIENCY OF PLEADINGS.

A plaintiff bringing a breach of contract action for the alleged failure of the defendant to honor an oral employment contract is entitled to invoke the doctrine of promissory estoppel so as to bar the application of the statute of frauds where the plaintiff has pled that, in reliance on the oral employment contract with the defendant, he gave up prior employment, relocated his family and residence, was promised a definite salary for a definite period of time, was promised an ownership interest in the business of defendant, and was told that the oral contract would be reduced to writing.

DISSENT BY W. R. PETERSON, J.

4. ESTOPPEL — PROMISSORY ESTOPPEL — STATUTE OF FRAUDS — UNCONSCIONABLE INJURY.

*The application of the statute of frauds necessarily results in substantial injustice, since by the application of the statute of frauds honest men will lose the benefit of the bargain of a contract which was not reduced to writing; accordingly, the injustice element of the doctrine of promissory estoppel necessary to defeat the defense provided by the statute of frauds is not satisfied by proof of the loss of benefit of the bargain of the contract, but rather requires proof that the party asserting the statute of frauds would be unjustly enriched or that an unconscionable injury would result to the party seeking to enforce the contract.*

5. ESTOPPEL — PROMISSORY ESTOPPEL — STATUTE OF FRAUDS — PLEADING.

*A party seeking to avoid the application of the statute of frauds to an oral employment contract by invoking the doctrine of promissory estoppel must plead and prove both that he relied upon the promise of employment and that as a result of that reliance he suffered an unconscionable injury; in applying the doctrine of promissory estoppel, courts must be careful to ascertain that there is pled and proved both reliance on the promise of employment and an unconscionable injury resulting from such reliance.*

*Rappleye, Wilkins & Arcaro* (by *Viola A. Kaminski),* for plaintiff.

*Curtis, Davidson & Curtis, P.C.* (by *Ronald J. Fabian*), for defendants.

Before: DANHOF, C.J., and BRONSON and W. R. PETERSON,* JJ.

DANHOF, C.J. Plaintiff herein filed a complaint against defendants alleging breach of an employment contract. Plaintiff alleged that he had two jobs in Ann Arbor, Michigan, providing him with a net average income of $600 per week, which he quit in order to work for defendant Real Food Company. Plaintiff's complaint states that defendant Dierkes promised plaintiff a three year employment contract, a salary of $400 per week, and a percentage interest in defendant corporation that would increase with each year of employment. The agreement also provided that plaintiff would not be discharged without good cause. Plaintiff relocated his family to Jackson, Michigan, in reliance upon defendant Dierkes' promise. While performing under the agreement, plaintiff requested several times that defendant reduce the contract to writing. Defendant allegedly assured plaintiff that a writing was forthcoming. After two months of employment, plaintiff was discharged. Defendants' motion for summary judgment pursuant to GCR 1963, 117.2(1) was granted by the trial court, which found a violation of the statute of frauds. MCL 566.132; MSA 26.922. Plaintiff presently appeals as of right.

Plaintiff alleges on appeal that the trial court erred by granting defendants' motion for summary judgment, because defendants should have been equitably estopped from pleading the statute of frauds as a defense to plaintiff's complaint. We

---

* Circuit judge, sitting on the Court of Appeals by assignment.

agree and reverse the trial court's grant of summary judgment to defendants.

The Michigan statute of frauds, MCL 566.132; MSA 26.922, provides in pertinent part:

"In the following cases an agreement, contract or promise shall be void, unless that agreement, contract, or promise, or a note or memorandum thereof is in writing and signed by the party to be charged therewith, or by a person authorized by him:

"(a) An agreement that, by its terms, is not to be performed within 1 year from the making thereof."

Since plaintiff's alleged contract for employment with defendant was for three years, the above-quoted statute requires that the contract be in writing to be enforceable.

Under certain circumstances, where it would be inequitable to apply the statute of frauds, a party may be estopped from pleading the statute of frauds as a defense. Promissory estoppel arises where the following elements are present:

"(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, (3) which in fact produced reliance or forbearance of that nature, (4) in circumstances such that the promise must be enforced if injustice is to be avoided." *McMath v Ford Motor Co,* 77 Mich App 721, 725; 259 NW2d 140 (1977).

We find that plaintiff has sufficiently alleged all of the elements of promissory estoppel. If the evidence at trial supports plaintiff's allegations, the reliance by plaintiff on defendants' promise would be sufficient to estop defendants from raising the statute of frauds as a defense to plaintiff's action.

Plaintiff here alleged a promise by defendants to

employ plaintiff for three years at a salary of $400 per week, with an interest in defendant corporation, such interest to increase with each year of employment. This promise was definite and clear, as is required to support an estoppel. *McMath, supra.* Defendants' promise to employ plaintiff was for a specific period, three years, at a fixed sum, $400 per week, and included additional compensation in the form of an interest in the corporation, which was to increase with time. This promise does not suffer from the same indefiniteness as the promise in *McMath,* relied upon by defendants. In *McMath,* plaintiff alleged that he resigned his rank of Brigadier General in the Air National Guard because of assurances from defendant that he need not worry about the income he would lose by leaving the Guard because defendant would take care of him and he would have no future economic worries. The promise here was much more specific, and was apparently intended to induce plaintiff to leave his current employment and work for defendants.

We agree with defendants' contention that plaintiff's termination of his employment in Ann Arbor was insufficient alone to bar application of the statute of frauds. Some additional reliance is necessary. See *Rowe v Noren Pattern & Foundry Co,* 91 Mich App 254; 283 NW2d 713 (1979), *lv den* 409 Mich 880 (1980); *Schipani v Ford Motor Co,* 102 Mich App 606, 615; 302 NW2d 307 (1981); *Pursell v Wolverine-Pentronix, Inc,* 44 Mich App 416; 205 NW2d 504 (1973). We find, however, that the additional factors present are sufficient to estop defendants from asserting the statute of frauds as a defense. Here plaintiff's complaint alleges relinquishment of two other jobs and relocation of his family, the promise of a definite

salary for a definite time, plus a percentage owner-
ship in defendant corporation and the representa-
tion by defendants that the contract would be
reduced to writing. We find these allegations to be
sufficient for the application of promissory estop-
pel. The trial court erred by granting summary
judgment to defendants.

Reversed and remanded. Plaintiff may tax costs.

BRONSON, J., concurred.

W. R. PETERSON, J. *(dissenting)*. I would affirm,
finding the well-written opinion of the trial judge
to be a correct application of the law. I, however,
feel that I must voice my view that recent opinions
of this Court reflect a casual deviation not only
from the intent of the statute of frauds but also
from the requirements of the promissory estoppel
exception thereto.

The statute of frauds is not only designed to
forestall the litigation of certain kinds of claims
that are easy to assert and hard to disprove, but
also is designed to insure certainty as to contracts
of important nature and to foreclose the risk of
error in resolving controversies as to what the
various terms of an alleged oral contract might be.
It adds nothing to justice or jurisprudence to allow
ill-defined claims to be submitted under ill-defined
rules on the notion that everyone ought to have
his day in court. There are *limited* exceptions to
the statute of frauds, but this case does not fall
within the scope of those exceptions.

The pleaded allegations,[1] to be taken as true for

[1] I omit reference to plaintiff's claim that defendants represented
that their agreement would be put in writing. The fact, if true, is not
pertinent herein for the promises to put the contract in writing are
alleged by plaintiff to have been made *after* he had taken the job and
were not, by his own assertion, made to induce him to accept the
offer.

purposes of defendants' motion for summary judgment, were that:

1. Defendant Dierkes made the following promises to plaintiff:

   a.  Plaintiff would have a three year employment contract.

   b.  Plaintiff would be paid $400 per week.

   c.  Plaintiff would receive a percentage of ownership of defendant corporation, such percentage to increase during each year of employment.

2. Plaintiff took the job.

3. Plaintiff gave up two part-time jobs which were providing a total net income of $600 per week.

4. Plaintiff moved himself and his family from Ann Arbor to Jackson, where defendants' business was located.

5. Plaintiff was wrongfully discharged after two months on the job.

The opinion of my brethren herein correctly recites the four elements of promissory estoppel noted in *McMath v Ford Motor Co,* 77 Mich App 721, 725; 259 NW2d 140 (1977),[2] and finds that the lack of certainty[3] in the promise which was fatal to *McMath's* claim is not present in this case. I do not understand the certainty, or see the enforcea-

It is true that there are cases holding that such a promise, when made to induce entry into an oral contract, raises an estoppel if acted upon, *e.g., Seymour v Oelrichs,* 156 Cal 782; 106 P 88 (1909); *Alaska Airlines, Inc v Stephenson,* 217 F2d 295 (CA 9, 1954); but the better view would seem to be to the contrary, *Kahn v Cecilia Co,* 40 F Supp 878 (DC NY, 1941). It would seem inconsistent to claim detrimental reliance on an oral contract while acknowledging the importance of a written contract.

[2] And see 3 Williston, Contracts, (3d ed), § 533A, pp 796-797, and 1 Restatement, Contracts, 2d, § 90, p 242.

[3] See also *Ass'n of Hebrew Teachers of Metropolitan Detroit v Jewish Welfare Federation of Detroit,* 62 Mich App 54; 233 NW2d 184 (1975).

bility, of plaintiff's claim of a promise to give him "a percentage of ownership * * * [which] would increase during each year", though evidence of such a promise would be admissible at trial because of its relevancy to the questions of inducement and reliance.

My principal quarrel with the opinion of the majority herein, and with the recent precedents on which that opinion relies, involves the fourth element of promissory estoppel; *viz.,* that the circumstances of a case must be such that the promise must be enforced if injustice is to be averted. We start any discussion of the statute of frauds with the posit that its application may result in substantial injustice. Real and honest contracts will not be enforced because of the statute of frauds; honest men will lose the benefits of their bargains because they neglected to reduce them to writing. The exceptions to the enforcement of the statute of frauds turn upon something more than the injustice of the loss of the bargain—they exist either because the enforcement of the statute would result in an unjust enrichment to the party asserting the statute as a bar[4] or in an unconscionable injury to the party seeking to enforce the contract.

In *Oxley v Ralston Purina Co,* 349 F2d 328 (CA 6, 1965), the plaintiff entered into an oral contract to fatten hogs for the defendant. To meet defendant's standards for the pig-leasing contract, plaintiff was required to make a capital investment of approximately $40,000 for specialized equipment and buildings on his farm. The investment was made under the defendant's direction, but the

---

[4] The equitable doctrine of estoppel would not apply even in cases of unjust enrichment if there is an adequate remedy at law, such as, for instance, recovery in *quantum meruit.* See *Whipple v Parker,* 29 Mich 369 (1874), and *Ordon v Johnson,* 346 Mich 38; 77 NW2d 377 (1956).

defendant then refused to perform the contract. Plaintiff was thus faced not merely with the loss of anticipated profits from performance of the contract, but with the loss of his capital investment required to enable him to perform the contract. Finding no Michigan precedent, the federal court concluded that Michigan would apply the doctrine of promissory estoppel to prevent such an unconscionable injury to the plaintiff.

In *Pursell v Wolverine-Pentronix, Inc,* 44 Mich App 416, 420; 205 NW2d 504 (1973), a 59-year-old plaintiff alleged that, in reliance on an oral promise of employment until he reached age 65, he quit another job thereby giving up substantial retirement benefits. Citing *Oxley,* the Court said:

"Granted, there may be a difference between the spending of a large amount of money in reliance on an oral contract and one's giving up of his employment. However, the doctrine of equitable estoppel applies in those cases where its application is called for by the facts. * * *

"In the instant case, the facts adduced at trial may show that in this particular case, there was sufficient reliance to estop the defendant from raising the Statute of Frauds as a defense. Therefore, the granting of the motion for accelerated judgment was improper."

*Pursell,* unfortunately, in speaking of "sufficient reliance" fails to distinguish the separate requisites of reliance on the oral promise and a resulting unconscionable injury. Subsequent cases have rejected *Pursell's* apparent holding that leaving an existing job in reliance on an oral promise of long-term employment may be enough in itself to estop a defendant from invoking the statute of frauds,[5]

[5] *Cf. McLaughlin v Ford Motor Co,* 269 F2d 120 (CA 6, 1959); *Gudenau v Farm Crest Bakeries, Inc,* 268 Mich 399; 256 NW 462 (1934); *Lynas v Maxwell Farms,* 279 Mich 684; 273 NW 315 (1937);

but have read *Pursell* as holding that leaving the former job, coupled with giving up retirement benefits, was sufficient *reliance* to justify the estoppel. *Rowe v Noren Pattern & Foundry Co,* 91 Mich App 254; 283 NW2d 713 (1979), *lv den* 409 Mich 880 (1980), and *Schipani v Ford Motor Co,* 102 Mich App 606; 302 NW2d 307 (1981), say that giving up an existing job in reliance on an oral promise of long-term employment will not constitute sufficient reliance to invoke the doctrine of promissory estoppel, but that somehow the fact that the relinquished employment has good attributes (retirement benefits in *Rowe,* union security in *Schipani)* is a more sufficient and adequate reliance.[6]

Such facts may be relevant at trial, providing corroborating evidence of plaintiff's claim of reliance. So in the instant case, if plaintiff were to prove that he gave up work netting him $600 a week,[7] it would tend to corroborate his claim that he did so in reliance on an oral promise of employment which offered him something more than $400 a week gross. But that is a different question than that of whether an unconscionable injury will result if the oral contract is not enforced because of the statute of frauds, a question which

*Adolph v Cookware Co of America,* 283 Mich 561; 278 NW 687 (1938). While none of these cases use the term promissory estoppel, the facts and rationale are similar, and accord with the universal rule in other states that leaving existing employment in reliance on an oral employment contract is only a necessary incident of being in the labor market and is not such an injury as to estop a defense of the statute of frauds. 54 ALR3d, pp 725-756.

[6] If giving up existing employment is not an unconscionable injury, I would not believe it could be bootstrapped into an unconscionable injury by a claim that some parts of the former employment contract were desirable. I thus think that *Pursell, Rowe,* and *Schipani* were wrongly decided.

[7] I do not think it significant that he gave up *two* part-time jobs rather than one full-time job.

*Pursell, Rowe, Schipani* and my brethren herein do not address.

Do plaintiff's allegations indicate that he will suffer an unconscionable injury if the oral contract cannot be enforced by a suit for its breach? Apart from the change of jobs and the indefinite and unenforceable promise of a share in the ownership of defendant corporation, the only other pertinent allegation is that he changed his residence from Ann Arbor to Jackson. Such a move may be significant in terms of inducement and reliance, as where the employer requires the move or knows that without such a move the employment could not be accepted. In many such cases, the expense and other sequelae of a change of residence could well amount to an unconscionable injury. So the moves in *McIntosh v Murphy,* 52 Hawaii 29; 469 P2d 177 (1970) (from California to Hawaii), and in *Alaska Airlines, Inc v Stephenson,* 217 F2d 295 (CA 9, 1954) (from California to Alaska), represented not only substantial expense, but also a major uprooting of self and family. In the instant case, plaintiff's move was approximately 35 miles, a distance less than that traveled daily by countless commuters and surely not involving substantial cost.[8] Nor is there any allegation that defendant required or even knew of the move.[9]

On these facts I would find that plaintiff has suffered no unconscionable injury and that there is accordingly no basis for invoking the doctrine of promissory estoppel.

[8] The complaint is silent as to the expense of moving. For cases holding that a change of residence is not an unconscionable injury, see 54 ALR3d, pp 733-734.

[9] It may be supposed that whether an injury is unconscionable may turn not only upon the nature and quantum of the injury or loss suffered by the plaintiff, but also on the nature of the conduct or *mala fides* of the defendant, an inquiry not suggested upon the facts herein.