**Edward J. WILSMANN, Plaintiff,**

v.

**The UPJOHN COMPANY and Homemakers, Inc., Defendants.**

No. K77–317 CA.

United States District Court, W.D. Michigan, S.D.

Feb. 20, 1988.

**425**

Walsh, Miller, Rayman & Langeland, Richard C. Walsh, Kalamazoo, Mich., for plaintiff.

Miller, Canfield, Paddock & Stone by Thomas G. Parachini, Dirk J. Holkeboer, Bloomfield Hills, Mich., Covington & Burling, Charles Lister, Washington, D.C., for the Upjohn Co. and Homemakers, Inc.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Currently pending in this matter is defendants', The Upjohn Company and Upjohn Health Services, Inc. (formerly Homemakers, Inc.) (collectively "Upjohn"), motion for summary judgment on Count III of plaintiff Edward Wilsmann's complaint. Plaintiff has filed a response to the motion and, in addition, seeks partial summary judgment in his favor. The underlying factual basis of this lawsuit is reported in *Wilsmann v. Upjohn Co.*, 775 F.2d 713 (6th Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2893, 90 L.Ed.2d 980 (1986), and only relevant facts need be repeated here. The case arises out of the merger of Homemakers, Inc. with The Upjohn Company. Plaintiff alleged violations of federal securities law as well as numerous claims under state law. After a trial on the merits, the jury found that Upjohn had violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j and the Securities and

Exchange Commission's Rule 10b–5, 17 C.F.R. § 240.10b–5. The jury awarded Wilsmann $1,578,107.00 in damages. In an Opinion dated April 11, 1984, this Court denied defendants' motion for judgment notwithstanding the verdict or, in the alternative, motion for new trial. *Wilsmann v. Upjohn Co.*, 583 F.Supp. 1060 (W.D.Mich. 1984). On appeal, the judgment of the trial court was vacated and the case was remanded by the Sixth Circuit Court of Appeals. *Wilsmann v. Upjohn*, 775 F.2d at 723. The Court of Appeals held, among other things, that there was insufficient evidence to support a verdict in favor of Wilsmann on his federal securities law claim.

As an initial matter, the Court must decide whether to continue to exercise jurisdiction over plaintiff's pendent state law claim for breach of contract. While this Court may exercise its pendent jurisdiction to hear state law claims that are related to a federal cause of action properly before the Court, the decision whether to take jurisdiction of such claims is committed to the sound discretion of the district court. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966).

The justification for the Court's exercise of pendent jurisdiction "lies in considerations of judicial economy, convenience and fairness to the litigants." *Id.* at 383 U.S. 726, 86 S.Ct. at 1139. The Court finds that retention of jurisdiction over the state law claims will result in more economical use of judicial resources and greater fairness to the litigants. This case has been pending in this Court over ten years. Discovery has taken place as well as a full trial on the merits. Plaintiff's federal and state law claims arise out of the same common nucleus of operative facts. This Court is intimately familiar with both the legal and factual contentions of the parties. The only pending matters are motions for summary disposition on legal grounds. To remand this case to state court at this juncture would be an inefficient use of judicial resources and would constitute an abuse of discretion. The better course of

action is for the Court to decide the pending motions. Accordingly, the Court will exercise its discretion and continue jurisdiction over plaintiff's state law breach of contract claim.

The standards for summary judgment in this Circuit are well known and need not be repeated here. *See In re Atlas Concrete Pipe, Inc.*, 668 F.2d 905 (6th Cir.1982). Suffice it to say that summary judgment is appropriate where it can be established that plaintiff is unable to prove an essential element of his claim as a matter of law and no reasonable jury could decide in plaintiff's favor. *See Celotex v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986).

■ In the instant case, the Court finds that defendants are entitled to judgment in their favor as a matter of law. Plaintiff's breach of contract claim is inextricably interwoven with plaintiff's fraud claim. In the context of the securities fraud claim, the Court of Appeals found that plaintiff's allegations of fraud were both "conflicting" and "totally implausible," leaving the jury to engage in "sheer speculation." *Wilsmann*, 775 F.2d at 720–23. As a result, the Court of Appeals held that the jury "could not within reason" find that plaintiff was the victim of fraud. 775 F.2d at 723. Although the Court of Appeals did not expressly decide the breach of contract issue, the Court of Appeals, in deciding the securities fraud claim, analyzed the contract issue as well. In reversing the jury verdict, the court noted the existence of numerous interwoven and conflicting claims, one of which was the breach of contract claim. In finding the existence of "implausible and conflicting" claims which precluded recovery on the basis of fraud, the court *sub silentio* decided the breach of contract issue as well. Where two or more claims are found conflicting and incapable of separation, the same principles of law which preclude recovery on one claim *a fortiori* preclude recovery on the alternate basis for relief. Consequently, in light of the Court of Appeal's determination that the implausible and conflicting claims advanced by plaintiff preclude recovery on

the basis of fraud, plaintiff is likewise precluded from recovery on the alternate contract theory.

■ In addition, the Court finds that, even if the Court of Appeals' decision was not dispositive, plaintiff has failed to satisfy the prerequisites for application of promissory estoppel to defeat Upjohn's Statute of Frauds defense. Under Michigan law, the Statute of Frauds provides that an agreement, contract or promise, which by its terms is not to be performed within one year from the making thereof, "shall be void, unless that agreement, contract or promise, or a note or memorandum thereof is in writing and signed by the party to be charged therewith, or by a person authorized by him." M.C.L.A. § 566.132(a). In his complaint, Wilsmann alleges that Upjohn breached oral promises made in 1969 which by their terms could not be performed within one year. During the course of the trial, this Court held that the alleged agreements were governed by the Statute of Frauds but further held that in light of plaintiff's allegations of fraud, plaintiff would be allowed to present evidence in support of his breach of contract claim. As a result of the Court of Appeals' ruling, the Court now concludes that plaintiff has failed to satisfy the prerequisites for application of promissory estoppel to defeat Upjohn's Statute of Frauds defense.

■ Under Michigan law, the threshold requirement for application of promissory estoppel is that the oral promise relied upon must first be "definite and clear." *McMath v. Ford Motor Co.*, 77 Mich.App. 721, 259 N.W.2d 140 (1977). *See also Lovely v. Dierkes*, 132 Mich.App. 485, 347 N.W. 2d 752 (1984). The lack of specificity defeats an estoppel claim. *McMath, Id.* 77 Mich.App. at 726, 259 N.W.2d 140. In reversing the jury verdict on the issue of fraud, the Court of Appeals held that plaintiff's claims are neither definite nor clear. Instead the court held that "Wilsmann's very theories as to the content of the promises to him [are] "in conflict." *Wilsmann*, 775 F.2d at 720. As a result of this ruling, there is no basis for applying promissory estoppel to the facts of this case. Since the

promises to Wilsmann were required to be in writing to be enforceable and no writing has been produced, plaintiff has failed to produce evidence on an essential element of his claim and Upjohn is entitled to summary judgment in its favor. *See Celotex v. Catrett*, 106 S.Ct. at 2557.

■ Alternatively, plaintiff contends that his claim for "bonus" payments under the written employment contract is still viable, notwithstanding the decision of the Court of Appeals. The Court finds as a matter of law that this claim, like the other contract claims raised by plaintiff, is barred by the opinion of the appeals court. In any event, Upjohn has presented evidence, in the form of expert testimony introduced at trial, that the accounting practices utilized by Upjohn in calculating earnings were reasonable and consistent with generally accepted accounting principles. Plaintiff has failed to present competent evidence, by affidavit, testimony or otherwise, to rebut this evidence and plaintiff has advanced no reason for the omission of such evidence. Although plaintiff asserts that the accounting methods utilized were not undertaken in good faith, this assertion, unsupported by evidence, does not create a genuine issue of material fact and must be disregarded by the Court in determining whether the defendant is entitled to summary judgment. *See Newhouse v. Probert*, 608 F.Supp. 978, 983 (W.D.Mich. 1985). In light of the uncontroverted evidence presented, the Court finds as a matter of law that the calculation of earnings utilized by Upjohn was reasonable and that defendants are entitled to summary judgment on plaintiff's claim for bonus payments allegedly due under the written employment contract.

In conclusion, the Court of Appeals has held that Upjohn is entitled to judgment as a matter of law on Wilsmann's securities fraud claim. In addition, the Court of Appeals has found that the promises relied upon by Wilsmann in support of his lawsuit are inherently conflicting. In light of this finding, there is no basis for applying promissory estoppel to defeat Upjohn's Statute of Frauds defense. The Court

finds as a matter of law that defendants are entitled to summary judgment on plaintiff's breach of oral contract claim. The Court further finds as a matter of law that there is insufficient evidence to support Wilsmann's bonus claim and that Upjohn is entitled to summary judgment in its favor on that issue. Having disposed of plaintiff's remaining claims, the instant lawsuit is dismissed.