**GRAND CONNECTIVITY, LLC,**
**Plaintiff–Appellant,**

v.

**CENTENNIAL COMMUNICATIONS,**
**CORP., Defendant–Appellee.**

No. 02–2487.

United States Court of Appeals,
Sixth Circuit.

June 29, 2004.

Before DAUGHTREY and CLAY, Circuit Judges; and MCCALLA, District Judge.*

PER CURIAM.

Plaintiff, Grand Connectivity, LLC, appeals from a district court judgment granting Defendant, Centennial Communications Corp.'s, motion for summary judgment on Plaintiff's claims of breach of contract, promissory estoppel and fraud. For the reasons that follow. the district court's judgment is AFFIRMED.

Plaintiff was formed for the purpose of acquiring certain Local Multipoint Distribution Service ("LMDS") licenses located in Michigan through a Federal Communications Commission ("FCC") auction of such licenses.[1] Defendant contacted Plaintiff, among other companies, to assess Plaintiff's potential interest in partnering with Defendant to acquire certain LMDS licenses located in Puerto Rico. Through oral negotiations between the parties from April 30 to May 3, 1999, the parties discussed Plaintiff bidding on the Puerto Rico licenses on behalf of Defendant. On May 5, 1999, Defendant issued a letter to Plaintiff further negotiating potential terms of the transaction; but before any agreement was reached, Defendant informed Plaintiff it was no longer interested, thus ceasing all negotiations.

---

* The Honorable Jon Phipps McCalla, United States District Court Judge for the Western District of Tennessee, sitting by designation.

1. LMDS licenses are utilized by licensees for point to point wireless communication, and are primarily for wireless high-speed internet connection service.

Plaintiff's bidding exceeded the capital contribution amount of $150,000 it had upon entering the bidding process, and Plaintiff subsequently defaulted on its required payment to the FCC in the amount of $2,674,658. Plaintiff attributed its default to Defendant's alleged wrongdoing and filed suit against Defendant in the Oakland County (Michigan) Circuit Court for breach of contract, estoppel and fraud, which was then removed to the United States District Court for the Eastern District of Michigan based on diversity of citizenship. Defendant then moved for summary judgment on all of Plaintiff's claims.

Upon *de novo* review, *Johnson v. Economic Development Corp.*, 241 F.3d 501, 509 (6th Cir.2001), we affirm the district court's grant of summary judgment in Defendant's favor for the reasons stated in the district court's order filed November 8, 2002. The district court properly held that no contract existed between the parties because there was never a meeting of the minds on material facts and essential terms that would have culminated in a valid contract; at best there was an agreement to negotiate. *Banque de Depots v. National Bank of Detroit*, 491 F.2d 753, 756 (6th Cir.1974) (citing *Professional Facilities Corp. v. Marks*, 373 Mich. 673, 131 N.W.2d 60, 63 (1964)). Additionally, the district court held that Plaintiff failed to establish sufficient indication of a definite and clear promise, or detrimental reliance on that promise, to further Plaintiff's promissory estoppel claim. *Leila Hospital and Health Center v. Xonics Medical Systems, Inc.*, 948 F.2d 271, 274–75 (6th Cir. 1991) (citing *McMath v. Ford Motor Co.*, 77 Mich.App. 721, 259 N.W.2d 140, 142 (1977)).

Accordingly, based on our review of the record and for the reasons stated by the district court, the district court's judgment is AFFIRMED.